PETITT ET AL., RESPONDENTS, *v.* F. V. H. COLLINS CO., AP-
PELLANT.

(No. 8,128.)

(Submitted March 20, 1941.   Decided April 18, 1941.)

[113 Pac. (2d) 340.]

*Mr. F. F. Haynes* and *Messrs. Wood & Cook,* for Appellant, submitted an original and a reply brief; *Mr. Sterling M. Wood* argued the cause orally.

*Mr. J. J. McIntosh,* for Respondents, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiffs, as vendors of certain described lands, brought this action to recover the purchase price from the vendee. The complaint, which was filed on June 20, 1938, alleges that prior to making the contract of sale plaintiffs were in possession of the land. The sale is alleged to have been made on June 10, 1936, for the consideration of $4,000, $800 of which was paid when the contract was made, and $800 became payable on the 1st day of June of every year thereafter until fully paid, together with interest at six per cent. Upon making the contract, plaintiffs surrendered possession to defendant. It is alleged that payments falling due on June 1, 1937, and June 1, 1938, though demanded, have never been paid. Defendant by answer admitted the making of the contract but denied the other allegations of the complaint.

Thereafter, and before trial, plaintiffs upon leave of court filed a supplemental complaint, alleging that since the filing of the complaint another installment of the purchase price became due on June 1, 1939, and remains unpaid. The cause was tried

by the court sitting without a jury. The court found for plaintiffs and entered judgment accordingly. Defendant appealed.

The principal point urged by defendant is that the evidence shows that the contract in question was terminated and became void by the acts of the parties before suit was instituted. The written contract of sale contains this clause: ''That vendee shall forthwith enter into possession of said property and retain the same so long as all and every covenant herein contained is performed by the vendee, but vendee's right to possess the property described shall immediately cease and determine, if default shall be made by the vendee in any payment required hereunder, either as to principal or interest, taxes or assessments after thirty (30) days' notice and demand upon the vendee then upon the failure of the vendee to make the payments herein provided for these presents shall immediately cease and determine, and be and become void and of no force or effect whatsoever, and that such failure shall work forfeiture of this contract, and that upon such determination of this contract, the vendor shall be and become immediately entitled to the possess[ion] of the premises, and the improvements, if any, made by the vendee, and upon ten days' notice in writing from the vendor to the vendee the vendee shall vacate the lands and premises covered hereby and deliver possession of the whole thereof to the vendor.''

Plaintiffs' attorney wrote to defendant on November 22, 1937, calling attention to the fact that the installment which fell due on June 1, 1937, had not been paid and requested the defendant to advise whether it was its intention to carry out the terms of the contract. Defendant returned the letter to plaintiffs' counsel with a notation thereon as follows: ''We will complete the contract. Back payment will be made shortly. 11–24–37 Collins.''

On December 15, 1937, the wife of plaintiff Morse Petitt wrote a letter to Mr. F. V. H. Collins reading:

''Mr. Collins: I find you havn't paid the taxes on our land. You were supposed to buy yet I guess you don't want the land. Send us the abstract right away and we will pay up the taxes and take the place back. If we don't hear from you

in 10 days we will take the place back. You have had plenty of time since last June to do what you intend to do.

"Resp.

"PETITT BROTHERS."

Because of these letters, defendant contends that the contract was cancelled by act of the plaintiffs. The testimony offered on the part of defendant was to the effect that defendant treated the letters as accomplishing the cancellation of the contract.

A notice of cancellation, to be effective as such, should be "clear, unambiguous and convey an unmistakable purpose to rescind or forfeit the contract." (66 C. J. 772.) The two letters did not evince a clear purpose to declare the contract at an end.

To effect cancellation of the contract according to its terms, there must have been more than a mere demand for payment. There must have been notice of a present intention to terminate the contract. The letter of November 22 cannot be considered as anything more than a demand for payment or a request for information regarding defendant's purpose with reference to the contract. The letter of December 15 indicated that if plaintiffs did not hear from defendant within ten days they would "take the place back." Plaintiffs could not terminate the contract until defendant had remained in default thirty days after notice of cancellation and demand for payment. They could not do so at the end of ten days as the letter stated.

The notation made by defendant on the letter of November 22 shows that its purpose was to carry out the contract. This purpose was followed up by tendering two checks on December 11, which were in the sum of $800 and $132, respectively. The checks were returned by plaintiffs because the $800 check had written on it "payment in full" and the interest check was short $60. Obviously then, the letter of November 22 had served its purpose, and under no theory could it be regarded as a notice of cancellation. The same is true of the letter of December 15, which merely was the statement of an intention

to take the necessary steps for cancellation if plaintiffs did not hear from defendant in ten days.

Furthermore, the conduct of all the parties after these letters were received by defendant was such as to recognize the contract as still in existence and to negative the idea that either party treated the letters as notice of cancellation. Defendant admitted that it paid taxes on the property after the receipt of the letters, asserting that it did so in manifestation of its fairness since it was in possession of the property.

On January 22, 1938, defendant wrote a letter to plaintiffs' counsel which shows that defendant did not treat the contract as cancelled. That letter reads:

"I have your letter of January 17th, regarding the above subject. Mr. Petitt's letter to us and the return of the checks sent him was not understood. He has been anything but agreeable and just as the checks came to my notice on my return to the office, after being away for the holidays, I have been advised that Petitts do not have title to a large portion of the lands which they contracted to us. I at once ordered abstract and our counsel has the abstract to write opinion and I will take this matter up with you again as soon as I get the opinion on the title.

"Very truly yours,

"THE F. V. H. COLLINS Co.

"(s) F. V. H. COLLINS President."

Furthermore, on January 23, 1938, plaintiffs' counsel had a conversation with Mr. Collins with reference to the payment which fell due on June 1, 1937, and Mr. Collins at that time told plaintiffs' counsel that he would be glad if the Petitts would give him notice of cancellation of the contract. This is further evidence of the fact that defendant did not treat the letters as notice of cancellation. Also, as late as April 18, 1938, defendant wrote the following letter to plaintiffs' counsel:

"As I see Petitt Land Contract we have no liability on it and all they can do is cancel. Your people have been disagreeable and nasty—Interest figure was purely mistake. If

you agree we have no liability on the contract you might ask them what reasonable reductions they could make in price and terms if we went on with it or if you agree that cancellation is their only remedy—and they don't want to cancel let me know and I will make you a proposition.

"4/18-38                                                    COLLINS."

One of defendant's counsel wrote a letter on February 13, 1939, to plaintiffs' counsel, reading:

"Referring further to the action of Petitt against Collins Co., I was talking to Fred on the telephone yesterday and as a result thereof I am now offering to your client the sum of $2,500.00 in cash to clean up the contract and procure a deed. Will you take matters up with your clients and then advise me. It seems to me this is a liberal offer and will enable the Petitts to clean up this matter now with a substantial cash payment.

"Very truly yours

"(s) R. E. COOKE

"Rec/hb

"cc-FVCH                                        "R. E. COOKE."

These circumstances demonstrate that defendant did not treat the letters as notice of cancellation of the contract. That plaintiffs did not so treat the letters is also clear. They did not follow the letters up with notice to surrender possession. On the contrary, thereafter they sought collection of the past-due installments, and in every way treated the contract as still in existence and effective.

The court properly held that there was not a cancellation of the contract precluding plaintiffs from recovering the purchase price due under it.

Defendant further contends that the contract was merely an ▉ option because defendant did not by its terms agree "to pay a price" so as to constitute an agreement within the meaning of sections 7585 and 7586, Revised Codes. We do not so interpret the contract. It recites: "That * * * the vendor has agreed and does hereby agree to sell and convey unto the vendee, and the vendee hereby agrees to purchase from the vendor," etc. The contract then provides: "That the con-

sideration for the sale and purchase so hereby made is &ast; &ast; &ast; $4,000, which shall be paid to vendor at the times and in the manner following." When the contract is considered in its entirety it is plain that defendant agreed to pay the $4,000 named as the purchase price therein. The answer of defendant admits as much. It admits that "the plaintiffs entered into a written agreement with the defendant herein for the sale to and purchase by defendant of the lands and premises described in paragraph II of said complaint."

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.

Rehearing denied May 27, 1941.