411 P.2d 759

JOMACK LUMBER CO., Inc., a New Mexico Corporation, Plaintiff-Appellant,

v.

GRANTS STATE BANK, Defendant-Appellee.

No. 7725.

Supreme Court of New Mexico.

Feb. 28, 1966.

**788**

F. L. Nohl, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for appellee.

MOISE, Justice.

In this action plaintiff seeks to recover $11,253.26 from defendant because of the claimed failure of the defendant to credit to its account the proceeds of six checks totalling that amount. The facts about which there is little controversy are as follows:

On April 29, 1960, plaintiff executed a signature card on a form provided by defendant which stated, "GRANTS STATE BANK, Grants, New Mexico is hereby authorized to recognize the signatures given below in payment of funds or the transaction of other business for this account— Two Signatures Required." Following were the typed names and signatures, as follows: "Marion Mead, President; Hugh

Mead, Vice President; Joe Lockwood, Sec.-Treasurer; Frances Burton." Plaintiff's business was located in Milan, New Mexico, close to Grants. Neither Marion nor Hugh Mead lived in Milan or Grants. Joe Lockwood was the resident manager of the business and Frances Burton worked in the office. Among the duties of Frances Burton were the preparing and making of bank deposits.

Six checks from customers of plaintiff and made payable to plaintiff were cashed by defendant upon the same being presented to it by Frances Burton, and part of the proceeds then deposited as cash in plaintiff's account and the remainder returned to plaintiff's cash drawer in its place of business.

The first of these checks bore a rubber stamp endorsement, "Pay to the order of Grants State Bank, Grants, New Mexico, For Deposit Only, Jomack Lumber Co., Inc.," under which appeared the signature "Joe Lockwood." This check, as well as the other five, was carried to the defendant Bank by Frances Burton and cashed as stated above with part of the proceeds being deposited as cash and the remainder returned to the cash drawer of plaintiff. The second and third checks were endorsed in the same manner as the first, except the words, "For Deposit Only," were scratched through and Joe Lockwood did not endorse them; the fourth check was endorsed by rubber stamp, "Jomack Lumber Co."; the

fifth check was endorsed simply, "Jomack Lumber Co.," with pen and ink; and the sixth check was endorsed by rubber stamp at one place, "Jomack Lumber Co.," and at another, "Jomack Lumber Co., P.O. Box (illegible), Milan S.S., Grants, New Mexico."

About June, 1961, Marion Mead and Louis Rice, plaintiff's accountant, became suspicious of shortages in the accounts but did nothing beyond discussing the same with Frances Burton. They made no inquiry concerning the practice of cashing checks, and did not ask defendant to discontinue the practice. In June, 1962, plaintiff suffered a fire and all its records at its place of business were destroyed. Some sixty days later it was determined that there was a shortage of some $22,000.-00 in plaintiff's accounts. Although the evidence suggests that Joe Lockwood might have been responsible for the losses, the court found that this was not determined and no charges were ever filed against Lockwood.

Plaintiff relies on ten points wherein the failure of the trial court to make certain requested findings of fact and conclusions of law is asserted, and the findings and conclusions which the court made are claimed to be erroneous. However, the real thrust of plaintiff's argument is to the effect that Frances Burton was without authority to alter the rubber stamp endorsement to eliminate the restrictive

phrase, "For Deposit Only"; that the defendant violated the contract between the parties when it permitted Frances Burton to cash checks without requiring the endorsement by two of the persons whose signatures were authorized; that the endorsements of the checks were unauthorized and forgeries, and no rights could be predicated thereon; and that the defendant was liable for plaintiff's loss resulting from cashing of checks by Frances Burton, an employee, without authority.

We assume, for the purpose of this case, that plaintiff is correct in the propositions of law advanced by it to the effect that in the absence of negligence, laches, or estoppel, a payee is entitled to recover against a collecting bank cashing a check bearing a forged or unauthorized endorsement of the payee, and procuring payment thereof from the drawee of the check. State v. First Nat. Bank of Albuquerque, 38 N.M. 225, 30 P.2d 728; see 100 A.L.R. 2d 670, 672. Also, we agree with the rule that absent knowledge thereof by the principal, a bank cannot over a long period of time cash checks for an agent who lacks authority and then rely on a custom in the business to estop the principal from denying the agent's authority. See Industrial Plumbing and Heating Supply Co. v. Carter County Bank, 25 Tenn.App. 168, 154 S.W. 2d 432; annotation in 37 A.L.R.2d 453, 460. However, we do not consider that these rules apply here because of the un-

usual facts present. If Frances Burton had pocketed the cash received by her from the bank, the authorities would seem clearly to support a conclusion that the owner and payee of the checks could recover from the bank that cashed them for her with unauthorized or altered endorsements. See Rivers v. Liberty Nat. Bank of Columbia, 135 S.C. 107, 133 S.E. 210; Palmetto Compress and Warehouse Co. v. Citizens & Southern Nat. Bank, 200 S.C. 20, 20 S.E.2d 232; Standard Steam Specialty Co. v. Corn Exchange Bank, 220 N.Y. 478, 116 N.E. 386, L.R.A.1918B 575, together with annotation commencing on page 576; Gresham State Bank v. O and K Construction Company, 231 Or. 106, 370 P.2d 726, 372 P.2d 187, 100 A.L.R.2d 654; R. Mars, Contract Co. v. Massanutten Bank of Strasburg (C.A.4, 1960) 285 F.2d 158, 87 A.L.R.2d 633; Fidelity and Deposit Co. of Maryland v. Marion Nat. Bank, 116 Ind. App. 453, 64 N.E.2d 583.

The uncontradicted facts here disclose that Frances Burton cashed the checks in question at defendant bank. It was she who struck the restriction from the rubber stamp endorsement. However, the cash received by her was either deposited in plaintiff's account in the bank, or returned to the cash drawer by her. It is plaintiff's position that shortages were present in the accounts and the cash was necessary in the cash drawer in order to conceal them. It is argued that if the defendant had not violated its duties in this regard this cash would not have been available, and accordingly the defendant should be liable for the loss.

Although Morgan v. First National Bank in Albuquerque, 58 N.M. 730, 276 P.2d 504, was relied on by plaintiff in the court below, the case was not cited by either party on this appeal. Nevertheless, we consider it helpful. The court, in its opinion, recognized the rule that where an endorsement has been forged and the proceeds reach the hands of the true payee, no recovery may be had, but held that under the facts of that case the bank was responsble for plaintiff's loss.

■ It seems to us that the instant case comes directly under the rule recognized in Morgan, supra, but not there deemed applicable, viz., that absent loss because of the wrongful cashing of the check there can be no recovery from the wrongdoer. National Surety Corporation v. City Bank & Trust Co., 248 Wis. 32, 20 N.W.2d 559; Andrews v. Northwestern Nat. Bank, 107 Minn. 196, 117 N.W. 621, 122 N.W. 499,. 25 L.R.A.,N.S., 906; Coplin v. Maryland Trust Co., 222 Md. 119, 159 A.2d 356; Sweeney v. National City Bank of Troy,. 263 App.Div. 418, 33 N.Y.S.2d 885, affirmed 290 N.Y. 624, 48 N.E.2d 711, and Gilbert v. Chase National Bank (S.D.N.Y.,. 1952) 108 F.Supp. 229. The rule has been recognized by us in other situations. In

Jensen v. Allen, 63 N.M. 407, 409, 320 P.2d 1016, we quoted from 15 Am.Jur. 388, § 3, as follows:

"To warrant the recovery of damages in any case, there must be a right of action for a wrong inflicted by the plaintiff therefrom. Wrong without damage, or damage without wrong does not constitute a cause of action."

We then held that the jury had found no wrong and accordingly the court had correctly determined there could be no recovery. See also, Clark v. Cassetty, 71 N.M. 89, 376 P.2d 37. In the present case, although there was a wrong, there was no damage as a result thereof and, likewise, under the quoted rule, there can be no recovery. See 22 Am.Jur.2d 15, Damages, § 2, for a more recent statement of the rule.

This is not a case of denial of damages for failure to establish the amount of loss with certainty, as argued by plaintiff. The rule in such a circumstance is set forth in Frank Bond & Son, Inc. v. Reserve Minerals Corporation, 65 N.M. 257, 335 P.2d 858. Rather, it is a case of no loss having been proved.

Plaintiff argues that although the money was placed back in its cash drawer, payment of the cash made possible the covering up of embezzlements therefrom, and that if defendant had not been guilty of the wrongful acts complained of, the defalcations would have been discovered much sooner and the loss would have been much less. This may or may not be true—as a matter of fact the method utilized by the party guilty of embezzlement is not entirely clear —nevertheless, plaintiff received from defendant every penny to which it was entitled and any loss suffered by it resulted from the intervening misconduct of someone else. To hold as argued by plaintiff would support liability of the defendant if Frances Burton were held up by a robber and the money stolen while she was on her way back to the store, or for loss a week later by burglary from the plaintiff's safe, on the theory that if defendant had not paid out the cash on the checks it would not have been available to a thief. The fallacy of the argument is apparent from the mere statement of the foregoing possibilities. Compare Andrews v. Northwestern Nat. Bank, supra. The trial court placed its decision directly upon the absence of proof of damages resulting from defendant's conduct.

Neither do we consider that §§ 50A–1–201(14) and (25), N.M.S.A.1953, or §§ 50A–3–206(3), 50A–3–304, 50A–3–406, 50A–3–407 and 50A–4–201, N.M.S.A. 1955, effective from and after January 1, 1962, or §§ 48–9–2, 48–9–4, 50–1–37, 50–1–56, 50–2–55 and 50–2–56, N.M.S.A.1953, effective before that date, in any way alter or affect our conclusion.

We find no error in the judgment of the district court and accordingly affirm the same.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.