477 P.2d 820

Arthur **TRUJILLO** and Trina Trujillo, his wife, Plaintiffs-Appellants,

v.

Doyle **COLLINS** and Sarah Collins, his wife, Defendants-Appellees.

No. 9064.

Supreme Court of New Mexico.

Nov. 16, 1970.

Rehearing Denied Dec. 28, 1970.

Rodey, Dickason, Sloan, Akin & Robb, John P. Salazar, Albuquerque, for appellants.

Clyde E. Sullivan, Jr., Julius H. Darsey, Albuquerque, for appellees.

## OPINION

TACKETT, Justice.

This action was commenced in the District Court of Bernalillo County, New Mexico, to determine the rights of the parties to a certain house and lot purchased by plaintiffs Trujillos from defendants Collinses. The case was tried to the court without a jury. Judgment was entered in favor of defendants Collinses. Plaintiffs Trujillos appeal. The parties will be designated as "Trujillo" and "Collins."

On July 20, 1964, the parties entered into a real estate contract, on a printed form which is in common use in Bernalillo County. Paragraph 8 thereof provided:

"It is mutually agreed that time is the essence of this contract. Should the Purchaser fail to make any of the said payments at the respective times herein specified, or fail or refuse to repay any sums advanced by the Owner under the provisions of the foregoing paragraph, or fail or refuse to pay said taxes, assessments or other charges against said real estate and continue in default for Thirty (30) days after written demand for such payments, or payment of taxes or payment of assessments or other charges against said real estate, or repayment of sums advanced under provisions of the foregoing paragraph has been mailed to the Purchaser addressed to them at 9720 Indian School Rd., N. E., Albuquerque, New Mexico, then the Owner may, at his option, either declare the whole amount remaining unpaid to be then due, and proceed to enforce the payment of the same; or he may terminate this contract and retain all sums theretofore paid hereunder as rental to that date for the use of said premises, and all rights of the Purchaser in the premises herein described shall thereupon cease and terminate and they shall thereafter be deemed a tenant holding over after the expiration of their term without permission. An affidavit made by said Owner or his agent showing such default and forfeiture and recorded in the County Clerk's office shall be conclusive proof, in favor of any subsequent bonafide purchaser or encumbrancer for value, of such default and forfeiture; and the Purchaser hereby irrevocably authorizes the Owner or his agent to thus declare and record such default and forfeiture, and agrees to be bound by such declarations as their free act and deed."

The contract was for the sale and purchase of a house and lot situate at 9720 Indian School Road, N. E., Albuquerque, New Mexico. A certain amount was paid down and the balance was to be paid in monthly installments. The contract, warranty deed and special warranty deed were placed in escrow with a local bank. Trujillo became in default under the contract. A default notice letter dated July 25, 1968, which complied with the terms of paragraph 8 of the contract, was mailed to Trujillo and was returned marked "Unclaimed." Subsequently, Trujillo became aware of the default notice letter, contacted Collins' attorney and brought the payments up to date. There were further defaults and Trujillo was again contacted. The payments were brought up to date, with the exception of the last payment which was made by a check that was returned marked "Insufficient Funds." The papers were removed from escrow and. Trujillo was again contacted. The payments were brought up to date and were accepted by Collins' agent, with the understanding that the papers would be replaced with the escrow agent, which was never done. Trujillo, being in default again, was notified to vacate the premises within three days. No new default notice was given to Trujillo. Subsequent to the filing of the present action, the special warranty deed was recorded on May 26, 1969.

There are two issues in the present case: (1) Was all of Trujillo's interest under the real estate contract forfeited by the default notice letter of July 25, 1968? (2) Did the negotiations between the parties, subsequent to the default notice letter of July 25, 1968, and the subsequent acceptance of payments under the contract, result in a waiver and estoppel by Collins? The first question is answered in the negative and the second in the affirmative for the following reasons.

■ On September 5, 1968, the attorney for Collins wrote Trujillo the following letter:

"* * * The Special Warranty Deed has not been recorded as yet, *because I hate to see you lose your house*, but if you do not contact this office immediately the deed will be recorded putting title back in the Collins and all your *interest will be forfeited*." (Emphasis added.)

This letter surely indicates that forfeiture had not occurred on August 27, 1968, and the trial court erred in concluding that there was a forfeiture.

Trujillo contends that the course of dealings between the parties precludes the conclusion that there was a forfeiture on August 27, 1968. With this we agree, as this court held in Nelms v. Miller, 56 N.M. 132, 241 P.2d 333 (1952):

"'"* * * [W]here both the parties to a contract of sale [such as in the instant case] have taken considerable latitude in its performance, without manifesting any intention to hold each other to a strict and literal performance, neither party can abruptly rescind for noncompliance without fair warning of an intention to insist upon a literal compliance with the contract in the future. * * *"'"

See also, DeVilliers v. Balcomb, 79 N.M. 572, 446 P.2d 220 (1968); Petitt v. F. V. H. Collins Co., 112 Mont. 12, 113 P.2d 340 (1941).

"* * * [T]he right of forfeiture is waived by continuing negotiations, or, where an indefinite extension of time has been granted. * * *"

Nelms v. Miller, supra, and cases therein cited.

■ We, therefore, hold that the doctrine of estoppel, as set forth in Yates v. Ferguson, 81 N.M. 613, 471 P.2d 183 (1970), is applicable in the instant case. See, Kingston v. Walters, 16 N.M. 59, 113 P. 594 (1911); 28 Am.Jur.2d Estoppel and Waiver, § 28 at 629.

The judgment is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is so ordered.

COMPTON, C. J., and SISK, J., concur.