490 P.2d 235

### In the Matter of Anthony F. AVALLONE, Attorney at Law.

### No. 8897.

Supreme Court of New Mexico.

April 19, 1971.

Rehearing Denied May 13, 1971.

Certiorari Denied Oct. 19, 1971.

See 92 S.Ct. 210.

Paul A. Phillips, Albuquerque, for appellant.

Robert S. Skinner, Raton, amicus curiae, on behalf of the Bd. of Bar Commissioners.

## OPINION

COMPTON, Chief Justice.

This is a disciplinary proceeding instituted against Anthony F. Avallone, an attorney practicing in Las Cruces, New Mexico. He was charged with five counts of unethical conduct. The matter was heard by the Board of Bar Commissioners, *sitting as referees of this Court, pursuant* to our Rule 3(3) (1.10) (§ 21–2–1(3) (1.10), N.M.S.A. (1953 Comp.). Counts III and V were dismissed for lack of evidence. With regard to the remaining counts, the Board made the following findings of fact, conclusions of law and recommendation:

"COUNT I, FINDINGS OF FACT

"1. *That on or about October 15, 1968, in* Las Cruces, New Mexico, the Respondent attended a meeting of a group of persons concerned with problems of urban renewal and spoke to the group on condemnation procedures advising them of their rights and volunteered advice to bring lawsuits. His conduct at that meeting was such as to incite the group and stir up strife and litigation.

"2. At the aforesaid group meeting, Respondent advised the assembled group that he would represent them as their attorney on a contingency basis.

"3. That at the aforesaid group meeting, the Respondent solicited professional employment either directly or indirectly.

"CONCLUSION OF LAW

"That the Respondent's actions and conduct at the group meeting in Las Cruces on or about October 15, 1968, were in *violation of* Canons 27 (Advertising, Direct or Indirect) and 28 (Stirring Up Litigation).

"RECOMMENDATION

"As to Count I of the Committee's Complaint, the Board of Bar Commissioners recommend that the Respondent be reprimanded.

"COUNT II, FINDINGS OF FACT

"1. That the Respondent caused his name to be listed in the Las Cruces, New Mexico, telephone directory in three separate places, one of which was in connection with a Las Cruces realty company wholly owned by him. He also had the same telephone number for two other businesses which he set up, those being the MTG Mortgage Broker and the New Mexico Financial Planning Services Bonded Trust, both of which are, or would have been, relative to the Respondent's law practice. That common telephone number appears in the Las Cruces telephone directory nine times.

"2. That the Respondent continued a separate business known as the 'A-Realty Company' from the same office, or set of offices, in which he practiced law in Las Cruces, New Mexico, utilizing a common telephone number, reception room and secretary and telephone operator. His realty company advertised by three methods; newspaper advertisements, a listing in the Las Cruces telephone directory in which the Respondent's name is shown, and by a prominent sign in the front of the common offices of the

Respondent which was displayed with the Respondent's law office sign, with substantially the same printing.

"3. That the listings in the telephone directory of the businesses other than the Respondent's law office, have been discontinued as of the date of the hearing on this matter, and that the sign and office of 'A-Realty Company' have been removed from the Respondent's law office premises.

"4. Proof of feeding the Respondent's law practice by his other businesses was not established.

"CONCLUSIONS OF LAW

"1. That the actions and conduct of the Respondent in procuring telephone listings in the Las Cruces telephone directory and utilizing a common phone number for his law practice, his realty company and his other related businesses were in violation of Canon 27 of the Canons of Professional Ethics.

"2. That the Respondent's actions and conduct in utilizing the common signs in front of his law office to advertise both his law office and his realty company were in violation of Canon 27 of the Canons of Professional Ethics.

"RECOMMENDATION

"That as to Count II of the Committee's Complaint the Respondent should be reprimanded.

"COUNT IV, FINDINGS OF FACT

"That the Respondent as attorney for defendant Borst in Cause No. 21870, Third Judicial District, participated in an agreement for installment payment of a lesser amount than said judgment provided for in said Cause No. 21870.

"2. That said agreement was not performed by the defendant and that Respondent knew that it had not been performed.

"3. That Respondent knew and had notice that the agreement had been rescinded for non-performance by the plaintiff, but, notwithstanding that notice, went with defendant and obtained from the Escrow Agent satisfaction of judgment and release of transcript of judgment.

"4. That defendant thereafter, with Respondent as his attorney, caused to be filed an action against plaintiff Clair and his attorney Garland, Martin and Martin, Cause No. 22794, that such action was unjustifiable, and that it was filed with the intention of harassing and injuring the defendants.

"CONCLUSIONS OF LAW

"That Respondent's conduct as attorney for plaintiff in bringing suit against the defendants in Cause No. 22974 resulted in working only harassment and injury to defendants, and such conduct was in violation of Canon 30, Justifiable and Unjustifiable Litigation, Canons of Professional Ethics."

"RECOMMENDATION

"As to Count IV of the Committee's Complaint it is recommended that Respondent be suspended from the practice of law in the State of New Mexico with leave to apply for reinstatement after a period of one hundred twenty (120) days."

Appellant does not challenge the report of the referees with regard to Counts I and II. His challenge is limited to findings under Count IV only. The decisive question is whether the findings are supported by clear and convincing evidence. Canon 30 of the Canons of Professional Ethics reads:

"30. Justifiable and Unjustifiable Litigation.

"The lawyer must decline to conduct a civil cause or to make a defense when

convinced that it is intended merely to harass or to injure the opposite party or to work oppression or wrong. But otherwise it is his right, and, having accepted retainer, it becomes his duty to insist upon the judgment of the Court as to the legal merits of his client's claim. His appearance in Court should be deemed equivalent to an assertion on his honor that in his opinion his client's case is one proper for judicial determination."

The record is voluminous, nevertheless, we have carefully considered the evidence and, when viewed in light of the Canon, we can reach no other logical conclusion than that the respondent caused to be filed the action against Clair and his attorneys with the intent to harass and injure the defendants.

Borst, a witness for the respondent, testified that he instituted the action against Clair and the attorneys because they had harassed him in a former suit which he had lost, and that respondent was made aware of the purpose of the suit against Clair and the attorneys. The evidence points up unerringly Borst's purpose in filing the action against Clair and his attorneys. While Borst attempted to take full responsibility for bringing the action, respondent was in no position to side-step his responsibility as an attorney in bringing the action.

Amicus curiae urges us to review the evidence under counts III and V and subject the respondent to further discipline. Possibly, the evidence would support his position; nevertheless, we are inclined to follow the recommendations of the referees.

The recommendations of the referees should be adopted, with costs assessed against the respondent.

It is so ordered.

TACKETT and McMANUS, JJ., concur.

STEPHENSON, J., dissenting.

STEPHENSON, Justice (dissenting).

I must dissent from the opinion of the majority insofar as it relates to Count IV of the complaint, to which my comments are limited. I do so with reluctance not only in deference to my learned brethren, but also to the distinguished attorneys who are members of the Board of Bar Commissioners of the State Bar of New Mexico (the Board). Without their unselfish and valued services this court would find it virtually impossible to cope with problems arising in the field of ethics, grievances and discipline.

The first sentence of Canon 30, with which we are here concerned, if it is parsed into its constituent elements, requires the following as a prerequisite to violation:

A. The client or litigant in the existing or prospective litigation must intend to harass or to injure or to work oppression or wrong on the opposite party. The intent here is of the client.

B. The lawyer must be convinced that the client's intention is as described in A above.

My dissent is primarily based on B above. Although Finding No. 4 is probably sufficient insofar as the client's purpose and intention are concerned, it is completely silent as to the state of the attorney's mind. It says that Mr. Avallone represented Mr. Borst, but fails entirely to find that Mr. Avallone was convinced of anything as to Mr. Borst's intentions. The finding therefore fails to support the conclusion and the recommendation.

Secondly, it is implicit in Finding No. 4 and in the majority opinion that Mr. Avallone is regarded as being guilty of wrongdoing in representing Mr. Borst in the suit against Mr. Clair. I feel that this is erroneous for two reasons. He was not charged with any wrongdoing in suing Mr. Clair, the charge relating solely to the suit against the attorneys. Moreover, I fail to see why Mr. Avallone is subject to criticism

for having acted as attorney in a suit against Mr. Clair. Regarding the settlement agreement to which reference is made in Finding No. 1, the evidence is clear that Mr. Clair and his attorney had indulged Mr. Borst; had granted him extensions and had not insisted on prompt payment as provided in the agreement, although there is a conflict in the evidence as to whether a final extension was granted. I realize Mr. Clair's attorney took the position that the settlement agreement was at an end, but Mr. Avallone took the position that it was not. I fail to see why the position of one is more final or binding than of the other. Neither was in a position to pass decrees. It seems to me there was an honestly debateable legal issue as to whether or not Mr. Clair could, under the circumstances, " * * * abruptly rescind for noncompliance without fair warning of an intention to insist upon a literal compliance with the contract in the future." Nelms v. Miller, 56 N.M. 132, 241 P.2d 333 (1952); see also Trujillo v. Collins, our number 9064, opinion filed November 16, 1970, 82 N.M. 186, 477 P.2d 820 (1970).

The first count of the cause in question, 22794, sought a declaratory judgment as to whether the contract was or was not rescinded, an appropriate device, and the second count was for damages. Plaintiffs lost cause No. 22794. Happily, loss of lawsuits by dismissal on motion or otherwise does not necessarily carry any adverse ethical imputation, or our ranks would be considerably depleted. The merits of cause No. 22794 was not the issue presented to the Board for its decision.

Let it be understood that I hold no brief for Mr. Avallone insofar as suing Mr. Clair's lawyers is concerned. In my view, Mr. Avallone never advanced any reasonable, or credible reason for having sued the attorneys. It is stated in G. Warvelle, Legal Ethics, § 323 (2d ed. 1920):

"Suits against attorneys. A retainer may properly be accepted in a suit against an attorney, yet, as a rule, it should be received reluctantly and the matter settled, if possible, in an amicable manner. The principle of professional fraternity, as far as it will apply, should characterize all proceedings of this nature, particularly where no moral turpitude is involved. This has long been the settled rule of the ethical code and is still in force, notwithstanding its non-observance by the legal tradesman."

I have said that I believe an essential element of a violation of Canon 30 is lacking. Unfortunately, the rules by which we are bound preclude us from supplying the missing factual elements, however richly justified such a step might be from the state of the record. Supreme Court Rule 3(1.12) [§ 21–2–1(3) (1.12), N.M.S.A., 1953]. See also Rule of Civil Procedure 53(e) (2) [§ 21–1–1(53) (e) (2), N.M.S.A., 1953]; 45 Am.Jur. "References" § 37. In my opinion, the cause should be remanded to the Board with directions to make findings upon the issue of Mr. Avallone's convictions. It is stated in 45 Am.Jur. "References" § 46, that:

"If the referee's report is incomplete in that he fails to make findings on all the issues, the court should send the report back to the referee with instructions to make findings on all material issues."

See also Rule of Civil Procedure 53(e) (2), supra.

For the foregoing reasons I dissent. Although the findings I have criticized regarding cause No. 22974 insofar as it pertained to Mr. Clair might be regarded as surplusage, I feel that the essential factual element missing from the findings as to Mr. Avallone's state of mind leaves me no alternative.