572 P.2d 547

**MGIC MORTGAGE CORPORATION, Plaintiff-Appellee,**

v.

**Albert Gray BOWEN et al., Defendants-Appellees,**

**ACRA, Incorporated, Defendant-Appellant.**

**No. 11405.**

Supreme Court of New Mexico.

Dec. 21, 1977.

Louis J. Vener, Albuquerque, for defendant-appellant.

Victor R. Ortega, U. S. Atty., Albuquerque, Timothy B. McBride, M. Carr Ferguson, Gilbert E. Andrews, Grant W. Wiprud, Karl Schmeidler, Asst. U. S. Attys. Gen., Tax Division, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

## OPINION

PAYNE, Justice.

This is an action to determine the rights to a surplus resulting from a mortgage foreclosure sale. The foreclosure was initiated by MGIC Mortgage against real property initially owned by the Bowens. The Bowens subsequently sold the property to the Lovatos by a real estate contract subject to the MGIC mortgage. After the payment of MGIC's claim, a surplus of $2,863.40 was deposited in the registry of the District Court of Bernalillo County. ACRA, Inc., a judgment lien creditor of the Bowens, and the United States of America, a federal tax lien claimant of the Lovatos, each applied for distribution of the surplus. The district court rendered judgment for the United States and ACRA, Inc. appeals. We affirm.

On July 27, 1973, the defendants Bowen bought the subject property and financed it by signing a promissory note and executing a first mortgage to Hinton Mortgage and Investment Company. The mortgage was subsequently assigned to MGIC. On June 10, 1974, the Bowens sold the property to Raymond and Gloria Lovato by executing a standard real estate contract. The contract provided that the Lovatos were to assume and make the payments under the prior note and mortgage. The contract also required a 30-day notice be given before the Lovatos' interest could be forfeited for failure to make payments.

On January 2, 1974, ACRA, Inc. became a judgment lien creditor of the Bowens and filed its lien against the property. On June 18, 1975, the United States filed a tax lien against the same property based on tax assessments against the Lovatos. Meanwhile, the Lovatos had failed to make the payments under the real estate contract and this foreclosure proceeding was initiated. Bowens failed to send Lovatos a notice of forfeiture during the time that the contract was in default. Judgment foreclosing the mortgage was entered October 18, 1976, after the filing of both liens.

The issue before us is whether the Lovatos retained a property right under the real estate contract, separate from the Bowens, that could be attached by the United States.

■ Initially it should be stated that during the life of the real estate contract any risk of loss or enhancement in value accrues to the purchaser. *Mesich v. Board of County Com'rs of McKinley Co.,* 46 N.M. 412, 129 P.2d 974 (1942).

■ This Court has recognized that the equitable interest of a vendee is subject to a lien. *Mutual Building & Loan Ass'n of Las Cruces v. Collins,* 85 N.M. 706, 516 P.2d 677 (1973). This Court has also held that the interest of a lien creditor of a vendee does not survive a forfeiture of the vendee's interest upon his default. *Petrakis v. Krasnow,* 54 N.M. 39, 213 P.2d 220 (1949). The case of *Bishop v. Beecher,* 67 N.M. 339, 355

P.2d 277 (1960) supports the proposition that once the equitable interest of a vendee is lost through forfeiture, he has no equity of redemption. *Bishop* and *Petrakis,* however, are distinguishable from the case at bar in that in those cases the vendee had received notice of forfeiture by the vendor.

■ Tax liens attach to the interest of the vendee in a conditional sales contract. *Greenup v. United States,* 239 F.Supp. 330 (D.Mont.1965). They are co-extensive with the taxpayer's interest in the property. *Karno-Smith Co. v. Maloney,* 112 F.2d 690 (3rd Cir. 1940); *United States v. Western Union Telegraph Co.,* 50 F.2d 102 (2nd Cir. 1931); *Spade v. Salvatorian Fathers,* 78 N.J.Super. 554, 189 A.2d 738 (1963). However, a tax lien cannot endure after the expiration of the interest of the party against whom the lien was filed. *Greenup v. United States, supra.* If the interest of Lovatos, the vendees, terminated through forfeiture or otherwise, the tax lien attached to that interest must have also terminated.

■ Appellants argue that Lovatos' interest terminated when they were served in the mortgage foreclosure proceeding, and that an additional 30-day notice under the terms of the contract would have been a useless act. The United States argues that even though the Lovatos were in default, they had not received the 30-day notice required by the contract in order to forfeit their interest. This Court has held that if the vendor fails to give notice of his intent to forfeit the contract, it remains in effect. *Nelms v. Miller,* 56 N.M. 132, 241 P.2d 333 (1952).

■ Although the Lovatos were in default, since their interest had not been forfeited by receiving notice, they still had an equitable interest that could have been redeemed prior to the foreclosure sale. The United States' tax lien attached to the equitable interest of the Lovatos which was still in existence at the time the mortgage was foreclosed. It is therefore entitled to the

 

surplus proceeds resulting from the sale. The decision of the trial court is affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and C. FINCHER NEAL, District Judge, concur.