**In re JACKSON BROTHERS, a New Mexico Partnership, Debtor.**

**Horace F. JACKSON, Michael H. Jackson, Joe W. Jackson, Jackson Brothers, a New Mexico Partnership, Plaintiffs-Counterdefendants,**

**v.**

**Jerry HILBURN and Gwyn Hilburn, his wife, and Mimbres Valley Bank, a New Mexico Banking Institution, Defendants-Counterclaimants.**

**Bankruptcy No. 81–00453P.
Adv. No. 81–0234.**

United States Bankruptcy Court,
D. New Mexico.

May 22, 1981.

---

## ORDER ON PARTIAL SUMMARY JUDGMENT

LOUIS PUCCINI, Jr., Bankruptcy Judge.

This matter having come on for hearing on Plaintiff's motion for partial summary judgment on April 30, 1981, and the respective parties appearing in person and by their attorneys, and the Court having considered all of the affidavits and arguments of counsel, the Court finds that this matter involves the alleged forfeiture by the Plaintiffs of farm land with an estimated value of $500,000. to $4,000,000. with the motion having come on for hearing on an expedited basis as the Plaintiffs have asserted that an emergency exists that the farm land requires immediate watering and planting in order to grow a crop this season and that each day that passes increases the potential loss.

Two of the issues raised in this motion concern the tender of payment and continuing negotiations constituting a waiver of the notice of default are not appropriate for consideration within this motion as the affidavits raise material issues of fact and are obviously contradictory.

The property remained in the possession of the Plaintiffs.

The portion of the motion concerning tender of payment is also inappropriate for consideration as there has been no actual tender of payment to the Defendants in this Court.

The portion of the motion concerning the on-going negotiations, which occurred after the default letter was sent but before the actual removal of the documents from escrow, is also inappropriate for consideration on the motion for partial summary judgment as the affidavits are conflicting as to whether there was a 'settlement' reached or not; and secondly, the mere fact that there were two meetings and some negotiations, which is undisputed, is insufficient in this case to establish a waiver of the prior notice of default. Further, there are widely conflicting factual statements as to the result or lack thereof of those negotiations. Further, the extent and nature of the negotiations in this case fails to rise to the level of the negotiations in the cases cited by Plaintiffs, *Trujillo v. Collins*, 82 N.M. 186, 477 P.2d 820 (1970), and *Nelms v. Miller*, 56 N.M. 132, 241 P.2d 333 (1952).

Further, to hold that any negotiations held after a default notice on a contract of this type constitutes a waiver of the default would have a significant chilling effect on negotiations between parties and discouragement of settlements is not a policy this Court would support. Settlements are to be encouraged in this already litigious society.

The last remaining issue is whether the notice of default was adequate notice to purchasers so as to constitute a proper forfeiture of the contract.

This Court is aware of the oft repeated equitable principle that the contract and acts of the parties should be construed if at all possible, so as to avoid a forfeiture. *Davies v. Boyd*, 73 N.M. 85, 385 P.2d 950 (1963), and *Eiferle v. Toppino*, 90 N.M. 469, 565 P.2d 340 (1977).

The contracts were stipulated to by counsel, copies of which were attached as exhibits to the removed complaint. Paragraph 9, the operative provisions, of those contracts states:

9. DEFAULT AND FORFEITURE: It is especially agreed that time, wherever mentioned herein is of the essence in this Agreement, and that if the Buyers shall fail to pay any sums hereinbefore mentioned, or perform any act or deed incumbent upon Buyers to keep and perform, at the time agreed upon, such failure shall after the expiration of *30* days' written notice, be treated as a renunciation of this Agreement by the Buyers, and the Sellers shall be under no further obligation either in law or equity, to convey said premises and property, or any part thereof, to Buyers, and the Sellers shall have the right to immediate possession of the said property and premises and the whole thereof, and shall occupy and be seized in fee of the same, as prior to this contract, and shall retain all monies theretofore paid hereunder, as liquidated damages and not as a penalty, it being agreed that all payments made shall be considered a rental value of the said property and premises; and the Buyers hereby waive all right to recover the same by law, or otherwise; or Sellers may treat said contract as still continuing, whereupon all sums herein agreed to be paid shall immediately become due and payable, and the Sellers may sue for and recover such sums by suit at law or in equity, without previous tender of deed, demand, or notice and that in the event suit is brought hereon by Sellers that Buyers shall also pay a reasonable attorney's fee.

Counsel also stipulated that accurate copies of the notices of default were attached as Exhibits F & G to the removed complaint, and the letters state in whole:

Gentlemen:

You will please take notice that the undersigned on behalf of the above-named Sellers, pursuant to paragraph 9 [Default and Forfeiture] of the agreement above-described, hereby notifies you:

That there has been a default in the payment of installments provided for in said agreement on the part of the Buyers and a further default in the payment of ad valorem taxes pursuant to paragraph 4, and the Sellers are exercising their rights under the said paragraph 9 to accelerate the entire unpaid balance under said agreement.

Dated this 3rd day of February, 1981.

Sincerely,

Jerry Hilburn

The law in New Mexico requires the vendor to give proper notice of his intent to forfeit the contract or it remains in effect. *MGIC Mortgage Corporation v. Bowen*, 91 N.M. 200, 572 P.2d 547 (1977).

Further, the vendor cannot rescind the contract "without fair warning". *Trujillo v. Collins*, 82 N.M. 186, 477 P.2d 820 (1970). "A major purpose of the notice requirement in such contracts is to give the vendee a specified time in which to bring the contract current so that vendee's rights in the property will not be forfeited." *Campbell v. Katz*, 610 P.2d 201, 94 N.M. 314 (1980).

"Where a contract for the sale of real estate reserves to the seller the right to declare the contract void in case the purchaser shall make default in the payment of the price, failure to make the stipulated payments does not of itself make the contract void or effect a forfeiture, of it, but the vendor must give notice of his election and intention to forfeit the contract." *Nelms v. Miller, supra*, 56 N.M. at 154, 241 P.2d 333.

The default letters advise the vendees of a failure to comply with the contract but then go on to state that the sellers are exercising their rights under the said para-

graph 9 to accelerate the entire unpaid balance under said agreement. The default letter does not state that the seller intends to forfeit the contract or to terminate the rights of the purchasers in the realty by obtaining possession of the escrowed documents and recording the proper deed from purchaser.

Paragraph 9 of the contract, quoted in full, *supra*, gives the sellers two options or election of remedies: 1) to reclaim the realty or, 2) to treat the contract as continuing whereupon all sums agreed to be paid are immediately due and payable. The options are mutually exclusive.

Although this Court does not consider the default letter a "final" election of remedies by the seller, the plain reading of the letter states the sellers have opted to accelerate the unpaid balance. There is no mention of forfeiture of the contract.

In light of the law and policy of the State of New Mexico set forth in the above cited cases, this Court concludes that the default letters did not constitute proper notice to venders of vendors election and intention to forfeit the contract.

This Court does not suggest that the purchasers, upon receipt of such a default letter, ignore its implications, however, the purchasers in this case, upon learning of the forfeiture and recording of the deeds reconveying the property, have not slept on their rights as they immediately filed a state district court suit within 18 days of recording, filed this proceeding, and removed the state cause, both on April 15, 1981.

The Defendants have other remedies available to them within this reorganization proceeding to protect their rights.

IT IS HEREBY ORDERED that the Plaintiffs' motion for partial summary judgment is granted, the two real estate contracts in issue shall be reinstated with the escrow agent, and all of the parties hereto are hereby directed to execute any and all documents necessary to effect this order.

IT IS FURTHER ORDERED that the Plaintiffs' interest in said real estate, more

fully described in Addendum # 1 and # 2 attached [Deleted from publication], is hereby reinstated to the status as it existed prior to the forfeiture of the escrowed documents.