678 P.2d 1179

**MANZANO INDUSTRIES, INC.,**
**Plaintiff-Appellant,**

v.

**Edward MATHIS, et al.,**
**Defendants-Appellees.**

No. 15103.

Supreme Court of New Mexico.

April 14, 1984.

Robert N. Singer, Sara J. Powell, Albuquerque, for appellant.

Sage, Beal, Bridgforth & Beal, Kenneth L. Beal, Las Cruces, for appellees.

## OPINION

FEDERICI, Chief Justice.

Manzano Industries, Inc. (appellant) entered into a real estate contract with Edward Mathis and others (appellees) as part of a transaction involving the sale of a tract of land in Las Cruces. Appellant failed on numerous occasions to make payments when due, curing its default on each occasion shortly before the contractual 60-day period to cure had run. Appellant failed, however, to cure the delinquent July 1982 payment within 60 days of written demand. Forfeiture was declared and appellant's interest in the property was terminated. Appellant brought suit to set aside the forfeiture. The trial court entered judgment denying appellant relief. We affirm.

Appellant claims on appeal that the forfeiture clause in the real estate contract is unconscionable and should not be enforced. We find no merit in this argument. The contract allowed appellees, upon appellant's default, to terminate the real estate contract, regain possession of the property, and retain all payments made. We have repeatedly held such contracts to be enforceable. *First National Bank v. Cape*, 100 N.M. 525, 673 P.2d 502 (1983); *Albuquerque National Bank v. Albuquerque Ranch Estates, Inc.*, 99 N.M. 95, 654 P.2d 548 (1982). Strong public policy favors enforcement of such contracts. *Bishop v. Beecher*, 67 N.M. 339, 355 P.2d 277 (1960).

This Court has, however, refused to enforce the literal terms of such contracts when to do so would work an unfairness which shocks the conscience of the court. *Huckins v. Ritter*, 99 N.M. 560, 661 P.2d 52 (1983); *Eiferle v. Toppino*, 90 N.M. 469, 565 P.2d 340 (1977). Appellant claims that the facts surrounding the forfeiture in this case work an unfairness of a magnitude which should render the contract's forfeiture provisions unenforceable. We disagree.

This Court has held that, "[d]etermination of whether a forfeiture provision of a real estate contract should be enforced is a matter within the sound discretion of the trial court," *Albuquerque National Bank v. Albuquerque Ranch Estates, Inc.*, 99 N.M. 95, 102, 654 P.2d 548, 555 (1982).

Substantial evidence existed in this case to support the trial court's decision to enforce the forfeiture provision of the real estate contract. The trial court found that appellant had basically four obligations under the contract: to make timely monthly payments; to keep the premises in good repair; to keep the premises insured; and to pay the taxes on the property. Appellant failed to meet its obligations in all four areas.

The contract required that adequate notice of default be given prior to seeking a forfeiture. *Cf. Martinez v. Martinez*, 101 N.M. 88, 678 P.2d 1163 (1984). Appellant failed to make payments twenty-three times when they were due under the contract. On eleven of these occasions written demand was made which began the running of the 60-day contractual period to cure the default. Forfeiture was obtained only after written demand was made for the past due July 1982 payment, and the 60-day period to cure had run.

Appellant seeks to analogize the facts in this case to those in *Huckins v. Ritter*, 99 N.M. 560, 661 P.2d 52 (1983). The only similarity in facts between the two cases is that in both cases a substantial downpayment was made. We refuse to hold that the forfeiture of a large downpayment will, in every case, shock the conscience of the court. The size of the forfeited downpayment is only one of the factors the trial court should consider. To hold otherwise would subvert the policy behind recognizing the enforceability of such contracts. *See First National Bank v. Cape*, 100 N.M. 525, 673 P.2d 502 (1983); *Bishop v. Beecher*, 67 N.M. 339, 355 P.2d 277 (1960).

We find that the forfeiture clause was not unconscionable, and that the trial court did not abuse its discretion in denying appellant equitable relief from the forfeiture provision of the real estate contract.

The judgment of the trial court is affirmed. Appellees shall recover their costs on appeal.

IT IS SO ORDERED.

SOSA, Senior Justice and STOWERS, J., concur.