702 P.2d 993

**Mary RUSSELL, Plaintiff-Appellee,**

v.

**John R. RICHARDS and Beth Richards, his wife, Defendants-Appellants,**

v.

**Ken P. KRAFT and James R. Trehern and Glenda Trehern, his wife, Defendants-Appellees.**

**No. 15227.**

Supreme Court of New Mexico.

July 11, 1985.

**50**

Edmund J. Lang, Albuquerque, for defendants-appellants.

Steven J. Schoen, Melvin Eisenstadt, Albuquerque, for plaintiff-appellee.

## OPINION

WALTERS, Justice.

Mary V. Russell filed this action against John R. and Beth Richards for damages resulting from the default and forfeiture of her interest in a real estate contract, and for loss of personal property. The trial court entered judgment for Russell and awarded damages in the amount of approximately $64,000. The Richardses filed this appeal. We affirm in part and reverse in part.

The Richardses present the following issues on appeal: (1) whether the trial court's refusal to enforce the forfeiture was an abuse of discretion; and (2) whether the trial court erred in awarding damages.

Russell was an assignee-purchaser under a standard form real estate contract with the Richardses, who were the original sellers of the real property. Russell paid $11,188 to the assignors and assumed $37,938 under the contract. At the time of her default, Russell had made 72 payments to the Richardses and had reduced the principal owed by $10,782, leaving a principal amount of $26,504. The real property, by that time, had increased in value from $48,989 at time of purchase to $82,735.

At trial, Russell presented evidence on the circumstances of her default, the valuation of the real property subject to the contract and the value of her personal

property not recovered after default. She asserted that the forfeiture of her interest under the contract should shock the conscience of the trial court. Although the trial court found that Russell's interest under the contract was forfeited, it also found that the forfeiture shocked its conscience. The trial court entered judgment in favor of Russell, awarding damages of $56,724 for her equity in the real property and $7500 for the loss of her personal property.

 The Richardses contend that the trial court's failure to enforce the forfeiture of Russell's interest under the contract was an abuse of discretion. We agree. The rule is well settled in New Mexico that the forfeiture provision in this type of real estate contract is enforceable, *Eiferle v. Toppino*, 90 N.M. 469, 565 P.2d 340 (1977), absent unfairness which shocks the conscience of the court. *Bishop v. Beecher*, 67 N.M. 339, 355 P.2d 277 (1960). To determine whether a forfeiture shocks the conscience of the court, this Court has applied the following equitable considerations: the amount of money already paid by the buyer to the seller; the period of possession of the real property by the buyer; the market value of the real property at the time of default compared to the original sales price; and the rental potential and value of the real property. *See Huckins v. Ritter*, 99 N.M. 560, 661 P.2d 52 (1983).

 Russell's reliance on the equitable exception to enforcement of forfeiture is misplaced. Not every case of default and forfeiture presents circumstances which shock the conscience of a court. *Compare Huckins v. Ritter*, 99 N.M. 560, 661 P.2d 52 (1983) (forfeiture not enforced), with *Manzano Industries, Inc. v. Mathis*, 101 N.M. 104, 678 P.2d 1179 (1984) (forfeiture enforced). The parties to a real estate contract and their assignees agree to be bound by its terms and provisions, and to accept the burdens of the contract together with its benefits. A subpurchaser takes the land subject to the terms of the contract of which he has knowledge. *Camp-*

*bell v. Kerr*, 95 N.M. 73, 618 P.2d 1237 (1980). The courts will enforce a real estate contract except where enforcement, under the equitable circumstances of the case, would result in an unconscionable forfeiture. *Huckins v. Ritter.* Such equitable circumstances as would avoid forfeiture are not present here.

In this case, Russell was in possession of the premises approximately 6 years and paid a total of $10,782 on the contract principal to the Richardses over that period; and the trial court properly considered that amount. The trial court's further consideration of Russell's down payment was not proper, however, because that amount was paid to Russell's assignors. The Richardses received no part of that payment. The trial court's inclusion of the down payment in the damage amount placed the financial responsibility on the Richardses to return money that was never paid to them.

Similarly, the trial court's consideration of the increased market value of the real property was erroneous. The inclusion of any portion of the market value amount in the damage amount gave Russell the benefit of the enhancement in the value of the property, contrary to established law. This court has held that "during the life of the real estate contract any risk of loss or enhancement in value accrues to the purchaser." *MGIC Mortgage Corp. v. Bowen*, 91 N.M. 200, 202, 572 P.2d 547, 549 (1977). Upon default and forfeiture, the buyer's interest is terminated and there is no enhancement value to be recovered by the buyer. *Id.*

We note that Russell had received benefit and profit during her possession. She rented out three units of the property and, at the time of default, the entire property was leased for a monthly payment far in excess of the payment due under the contract. Russell had been in default several times before the forfeiture and each time she had cured the default. She knew the consequences of default.

We also agree with the Richardses that the trial court erred in awarding damages for Russell's loss of her interest under the contract. In order to recover damages there must be a right of action for a wrong inflicted on the party claiming damages; damage without wrong does not constitute a cause of action. *See Jomack Lumber Co. v. Grants State Bank*, 75 N.M. 787, 411 P.2d 759 (1966). Russell's loss of her interest under the contract did not result from a wrong committed by the Richardses, but from her default under the real estate contract for failure to make timely payment. The usual consequence of default, as clearly stated in the contract assumed by Russell, is forfeiture of all interest; only unusual equitable circumstances create an exception to that rule. *Bishop v. Beecher.*

The Richardses' final contention is that the trial court erred in awarding damages to Russell for personal property not covered after her default. On this issue we affirm the trial court. The evidence presented by Russell on the value of her personal property loss was substantial. The missing items were catalogued, without contradiction, and a price was attached by Russell. An owner is competent to testify regarding value. *State v. Zarafonetis*, 81 N.M. 674, 472 P.2d 388 (Ct.App.), *cert. denied*, 81 N.M. 669, 472 P.2d 383 (1970).

The award of $7500 is affirmed; the award of $56,724 in other damages is reversed. The case is remanded for modification of the judgment accordingly.

IT IS SO ORDERED.

FEDERICI, C.J., SOSA, Senior J., and RIORDAN, J., concur.

STOWERS, J., concurs in part, dissents in part.

STOWERS, Justice, specially concurring and dissenting.

I concur in part and dissent in part.

I concur with the opinion, except for the conclusion awarding damages to Russell for personal property.

In order for a trial court to award damages, there must be proof that the damage

occurred and proof of the amount of damages must be subject to reasonable ascertainment. *Bank of New Mexico v. Rice,* 78 N.M. 170, 429 P.2d 368 (1967).

Even though an owner may express an opinion as to value the evidence presented in a case must still be substantial and the evidence presented in this case of the value of Russell's personal property loss is not substantial and cannot support the judgment of the trial court. *See Toltec International, Inc. v. Village of Ruidoso,* 95 N.M. 82, 619 P.2d 186 (1980). Thus, there is no basis for the award of damages for loss of personal property.

I would reverse the trial court in all aspects.