ISIDOR DORMAN, *ET AL.*, PLAINTIFFS-RESPONDENTS, v.
MARGUERITE FISHER, DEFENDANT-APPELLANT.

Argued September 29, 1959—Decided October 26. 1959.

14

*Mr. Robert Goodman* argued the cause for defendant-appellant.

*Mr. Sylvan G. Rothenberg* argued the cause for plaintiff-respondent (*Mr. Martin Verp,* attorney).

The opinion of the court was delivered

PER CURIAM. We granted certification, 29 *N. J.* 276 (1959), to review the judgment of the Appellate Division affirming a judgment for plaintiff for possession. 52 *N. J. Super.* 70 (*App. Div.* 1958).

Involved is a long-term installment contract for the sale of realty under the provisions of which the vendor could terminate the agreement upon the purchaser's default and retain the payments made as liquidated damages. Defaults having occurred for some 13 months, the vendor elected to terminate and in this action obtained possession on a motion for summary judgment.

█ Defendant asserts only that the contract resulted in a mortgage which plaintiff must foreclose to obtain possession. If the mortgage thesis were accepted, it would not defeat the present action. Upon default a mortgagee is entitled to possession without first barring the equity of redemption by foreclosure. See *Peterpaul v. Torp,* 122 *N. J. L.* 476, 480 (*E. & A.* 1939) ; *Fidelity Union Trust Co. v. 75 Prospect Cooperative Apartment,* 131 *N. J. Eq.* 387 (*Ch.* 1942) ; *R. S.* 46 :8–1. The judgment accordingly may be affirmed on that ground. Nonetheless, in view of defendant's in-

digency (she was permitted to appeal as an indigent) we will consider the issue the parties briefed and argued.

We agree with the Appellate Division that defendant's affidavit added nothing to the question whether on its face the contract should be held to constitute the vendor a mortgagee. The contract approach to the sale of realty is not inherently invidious. On the contrary, it meets a social need especially where a prospective purchaser is unable to make a down payment sufficient to induce an immediate conveyance. We agree with the Appellate Division that an installment contract, intended by the parties to be just that, should not be held to be a deed and mortgage by reason of any of the terms of the instrument here involved.

Installment contracts of realty have spawned many issues. See, *Howe, Forfeitures in Land Contracts, Current Trends in State Legislation* (1953-1954), at *p.* 417. We emphasize, as did the Appellate Division, that the sole question presented and decided is whether the contract *per se* constituted the seller's status that of a mortgagee. We are not called upon to consider whether equitable relief in some form may be available where literal enforcement of a contract would be unconscionable.

It is appropriate to note that the total problem may well warrant legislative regulation, a course which has been pursued elsewhere. See, *Howe, Forfeitures in Land Contracts, supra;* 52 *Harv. L. Rev.* 129 (1938); 13 *Rutgers L. Rev.* 620 (1959).

The Appellate Division added as *dictum* that a mortgagee may obtain a relinquishment of the right of redemption. He may not do so, however, in the mortgage instrument or by a contemporaneous agreement. 4 *Pomeroy, Equity Jurisprudence* (5th ed. 1941), § 1193, *p.* 569; *Mansfield v. Hammond,* 117 *N. J. Eq.* 509, 511 (*E. & A.* 1935); *Griffen v. Cooper,* 73 *N. J. Eq.* 465 (*Ch.* 1908); *McKlosky v. Kobylarz,* 99 *N. J. Eq.* 202 (*Ch.* 1926).

The judgment is affirmed. No costs.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.