355 P.2d 277

Stanley A. BISHOP and Sarah Jean Bishop, his wife, Plaintiffs-Appellants,

v.

Hanella BEECHER and Barbara Beecher Warren, a/k/a Barbara Ellen Warren, Defendants-Appellees.

No. 6654.

Supreme Court of New Mexico.

Sept. 15, 1960.

Joseph B. Zucht, Albuquerque, for appellants.

Modrall, Seymour, Sperling, Roehl & Harris, Frank H. Allen, Jr., Albuquerque, for appellees.

CARMODY, Justice.

This case is before us on stipulated facts and the appeal results from a motion for summary judgment by both parties, the court granting defendants' motion and denying plaintiffs' motion.

The facts, briefly stated, are as follows: Plaintiff-appellants as vendees and defendant-appellees as vendors entered into a real estate contract for the purchase and sale of a house in Albuquerque, New Mexico, on July 7, 1953. By the terms of the contract, vendees assumed and agreed to pay an existing mortgage on the premises in which the vendors were mortgagors. Other than the assumption of the mortgage, the contract is of the usual type calling for payment of monthly installments for a number of years, and provides, among other things, that time is of the essence and, upon default of payment by the vendees and such default continuing for 30 days after written demand, the vendor(s) may:

"at his option, either declare the whole amount remaining unpaid to be then due and proceed to enforce the payment of the same; or he may terminate this contract and retain all sums theretofore paid hereunder as rental to that date for the use of said premises, and all rights of the purchaser in the premises herein described shall thereupon cease and terminate and they shall thereafter be deemed a tenant holding over after the expiration of their term without permission."

In order to facilitate the last-mentioned option, the contract provides for placing in escrow, along with the warranty deed of vendors, a special warranty deed of the vendees, with directions to the escrow agent to deliver the latter deed to vendors in case of default by vendees and exercise of this option by the vendors.

Vendees defaulted in March, 1959, and in accordance with the terms of the contract, vendors sent written notice of demand. Upon failure of vendees to pay the amount due on the monthly installment within the 30 days as provided by the demand notice,

vendors, after giving due notice to vendees, exercised their option to terminate. Vendors then properly recorded the special warranty deed with the county clerk. Thereafter, on May 12, 1959, vendees offered to redeem the property by paying the entire balance, with interest, costs and attorney fees, which offer the vendors refused.

The vendees then instituted this action, asking that the court declare the real estate contract an equitable mortgage and grant vendees the right of redemption within a reasonable time to be fixed by the court.

The lower court held that there was no equity of redemption, upheld the forfeiture and dismissed vendees' complaint.

The first issue is whether or not a real estate contract containing the option quoted above is, as a matter of law, an equitable mortgage, giving the vendees an equity of redemption. In order to clarify this issue, we point out that this is not a case where misunderstanding, mistake, fraud or surprise are pleaded. The vendees' position is that although at the time of contracting the parties understood its terms, the contract is an equitable mortgage as a matter of law.

Vendees concede the propriety of forfeiture in a real estate contract which gives the vendor no remedy other than to forfeit out the vendee. Dorman v. Fisher, 1958, 52 N.J.Super. 70, 144 A.2d 805, affirmed 1959, 31 N.J. 13, 155 A.2d 11. But, say vendees, when the option is placed in the contract allowing *either* forfeiture *or* suit for collection of the full purchase price in case of default, then the contract becomes primarily a security device inherent in which is an equity of redemption. In support of this position, vendees cite our decisions in Joe Heaston Tractor & Implement Co. v. Claussen, 1955, 59 N.M. 486, 287 P.2d 57, and Sargent v. Hamblin, 1953, 57 N.M. 559, 260 P.2d 919. These decisions are not in point.

In the Claussen case, the vendors had the option, in case of default by vendees, to: (1) forfeit out the vendee, (2) declare the full amount due and proceed to collect, or (3) take possession and sell at public sale and bring suit for any deficiency. We stated that the first two options were the ones normally found in conditional sales contracts, but the third one was normally found in mortgages. This third option, coupled with the attempt to vest title to the after-acquired property in the vendor, served as the basis of our holding that the instrument was a chattel mortgage rather than a conditional sale.

In the Sargent case, supra, the question before us was whether a deed absolute on its face was in reality a mortgage. It is true that in that case we stated that if the vendee can compel payment the transaction is usually regarded as a mortgage,

and if he cannot it is regarded as a conditional sale. However, we further stated that:

"The intention of the parties at the time an agreement is consummated to execute a deed determines whether title to the property is to be irrevocably transferred or the conveyance, though absolute in form, is to be merely as security for the payment of a debt or the performance of an obligation." 57 N.M. at page 570, 260 P.2d at page 926.

In the instant case, the pleadings do not contain facts which put in issue the question of whether contemporaneous parol statements led the parties to understand that a mortgage was intended as was present in the Sargent case. The intention of the parties as is clearly manifested in the contract was that a conditional sales contract should result, and nothing to the contrary appears in the pleadings.

Therefore, it appears that although there is language in both the decisions which seemingly supports appellants' contention, such language, read in context with the opinion in which it appears, furnishes little, if any, support to appellants' position. Indeed, other decisions in this jurisdiction, while not directly in point, seem to support the position that forfeiture is proper under similar real estate contracts. See Petrakis v. Krasnow, 1949, 54 N.M. 39, 213 P.2d 220; Dunken v. Guess, 1936, 40 N.M. 156, 56 P.2d 1123; Albuquerque Lumber Co. v. Tomei, 1926, 32 N.M. 5, 250 P. 21.

Actually, in Petrakis v. Krasnow, supra [54 N.M. 39, 213 P.2d 230], the court considered the identical language in the termination clause of the contract that we have here. That case involved the interest of a judgment creditor of the conditional vendee and notice of termination being mailed on the same day as the default and received the day after. However, we said that the 30-day demand provision relieved the vendee "against any harshness in the claim of forfeiture" and that the judgment creditor should not be entitled to any greater rights than the vendee.

It should be noted that contracts such as this are utilized as devices to allow purchases of property with very small down payments. This is on the theory that in gaining the advantage of the elimination of the larger initial investment, the grantee must forego whatever advantage he might obtain by reason of the delays incident to foreclosure and redemption. Admittedly, there may be some disadvantages to this type of contract, but it is felt that the advantages far outweigh them when the benefits, which are derived by thousands of people who have been enabled to purchase property by merely paying for it over many years in a manner likened to rent, are considered.

Appellants would have us distinguish the instant contract because of their assumption of the original mortgage, but this is unavailing because there is no showing that the original mortgagee changed its position in reliance on the contract nor during the period of its existence. See 2 Glenn on Mortgages, 1943 ed., § 271; and Restatement of the Law of Contracts, § 143.

Appellants also ask that we consider the equities because they have paid approximately one-third of the total of the contract and the mortgage. However, under the circumstances of this case, we do not feel that the equities warrant such a result. Dorman v. Fisher, supra; Coryell v. Hardy, 1936, 144 Kan. 194, 58 P.2d 1151; Lampaert v. Marohn, 1941, 11 Wash.2d 211, 118 P.2d 954, and Abbas v. Demont, 1949, 152 Neb. 77, 40 N.W.2d 265. These cases are, to us, the better-reasoned and more persuasive than the few which express a contrary view as exemplified by Cavos v. Geihsler, 1942, 109 Colo. 163, 123 P.2d 822. The property involved had a value obviously in excess of $12,000, and appellants retained possession and use for almost six years at a cost of less than $60 per month. This should vitiate any claim of inequity as to the forfeiture.

Under the circumstances, we will not rewrite the contract into which the parties freely entered. Appellants failed to comply with their agreement, and, absent unfairness which shocks the conscience of the court, the appellees are entitled to enforce the contract as written.

The judgment of the district court will be affirmed; and it is so ordered.

COMPTON, C. J., and MOISE and CHAVEZ, JJ., concur.

NOBLE, J., not participating.