565 P.2d 340

**D. G. EIFERLE and Anna Eiferle, Plaintiffs-Appellants,**

v.

**Milton A. TOPPINO, Defendant-Appellee.**

**No. 11146.**

Supreme Court of New Mexico.

June 14, 1977.

Gallagher & Walker, Peter E. Gallagher, Albuquerque, for plaintiffs-appellants.

Threet, Threet, Glass, King & Maxwell, R. Michael Hooe, Albuquerque, for defendant-appellee.

OPINION

FEDERICI, Justice.

Plaintiffs Eiferle brought this action in the District Court of Bernalillo County, seeking a declaratory judgment as to the rights of the parties under a real estate contract entered into by them with Defendant Toppino. The court heard the case on the merits, entered findings of fact and conclusions of law based upon a stipulation of facts, and dismissed plaintiffs' complaint with prejudice. This appeal followed and we reverse.

Plaintiffs as purchasers and defendant as vendor entered into a real estate contract on February 17, 1970, for the purchase and sale of a residence in Albuquerque. The contract was a standard Valliant Form Real Estate Contract which provided for payment of $23,500.00 to be paid as follows: $3,000.00 down, with plaintiffs to assume a mortgage of $17,259.93 to Prudential Insurance Company, payable to Prudential on the first day of each month in payments of $135.45. The contract also provided for the payment by plaintiffs of defendant's equity balance in the house in the amount of $3,204.07, payable in monthly installments of $30.00 or more per month to a designated escrow agent.

The contract provided in Paragraph 8 that in the event of default on the part of the purchaser, the vendor could either declare the whole unpaid amount to be due, or terminate the contract and retain all sums paid as rental. In Paragraph 2 the contract

provided that if defendant mailed a written demand letter pursuant to the termination provision of Paragraph 8, the purchaser, in addition to the payment of other sums due, would pay $25.00 to cover the costs, expenses and fees of such action.

On March 1, 1975, plaintiffs sent a check to Prudential as payment on the mortgage, and also sent to the escrow agent the defendant's portion of the monthly payment. On March 20, 1975, Prudential wrote a letter to plaintiffs, returning their check for the reason that the bank had refused to honor it, and threatening to begin foreclosure proceedings. However, in the same letter, it offered plaintiffs an opportunity to pay all existing delinquencies by sending to it the sum of $573.89, no later than March 31, 1975. Prudential sent a copy of this letter to defendant. On March 25, 1975, plaintiffs purchased a cashier's check payable to Prudential in the amount of $573.89, which was mailed to Prudential and, upon receipt, applied to the mortgage balance on or before April 1, 1975. On March 28, 1975, defendant's attorney sent a demand letter to plaintiffs because of the deficiency in the mortgage payment owing Prudential. This letter was received by plaintiffs on March 29, 1975. The escrow agent refused to accept the payment owing to defendant unless the plaintiffs also paid the $25.00 which the contract required to cover costs, fees and expenses of the demand letter. On June 1, 1975, the defendant caused the papers in escrow to be withdrawn, filed an affidavit of default and forfeiture, and also filed a special warranty deed, the effect of which was to convey title to the property back to the defendant.

Since the filing of the complaint plaintiffs have made some, but not all, of the payments to Prudential.

The question presented on this appeal is whether the trial court was correct in concluding that under the particular facts in this case and under the terms of the real estate contract, the defendant could terminate the contract, reconvey to himself the title to the property, and retain all payments made by plaintiffs as rental.

We are of the opinion that the trial court erred in its ruling.

The rule is well settled in New Mexico that the type of real estate contract involved here is an enforceable one and upon default by a purchaser, the vendors are entitled to terminate the contract, regain possession of the property and retain the payments made as rental. *Davies v. Boyd,* 73 N.M. 85, 385 P.2d 950 (1963); *Bishop v. Beecher,* 67 N.M. 339, 355 P.2d 277 (1960).

However, in those cases, the court also held that there are exceptions to this rule. In *Bishop v. Beecher,* supra, the court said:

Under the circumstances, we will not rewrite the contract into which the parties freely entered. Appellants failed to comply with their agreement, and, *absent unfairness which shocks the conscience of the court,* the appellees are entitled to enforce the contract as written. (Emphasis added.)

67 N.M. at 343, 355 P.2d at 280.

In *Davies v. Boyd,* supra, Justice Moise, in his specially concurring opinion, stated that notwithstanding the fact that a contract such as the one involved here was enforceable, in certain situations the contract and acts of the parties would be construed if at all possible, so as to avoid a forfeiture.

It also appears that the letter written by Prudential gave plaintiffs until March 31, 1975 to correct the alleged default. Consequently, the letter of default written by defendant to plaintiffs on March 28, 1975, was premature and of no effect. Cf. *Ott v. Keller,* 90 N.M. 1, 558 P.2d 613 (Ct.App. 1976) (specially concurring opinion of Judge Hernandez).

Bearing in mind the specific facts in this case and in particular the fact that Prudential had given plaintiffs an opportunity to meet the payments, which the plaintiffs accomplished, we feel that to permit the defendant to cancel the agreement, regain title to the property, and retain all payments made, would result in an "unfairness which shocks the conscience of the court."

The trial court is reversed and the cause is remanded for the purpose of a hearing on the amount of principal and interest due to defendant and Prudential by plaintiffs. The trial court shall further set a reasonable time within which the plaintiffs shall pay the amount of the judgment to the defendant.

Each of the parties shall bear its own costs and attorneys fees on this appeal.

IT IS SO ORDERED.

McMANUS, C. J., and EASLEY, J., concur.