593 P.2d 754

George **HALE** and Sylester Hale,
Plaintiffs-Appellees,

v.

Gerald M. **WHITLOCK**, Martha A.
Whitlock, Defendants-Appellants,

and

Albuquerque National Bank, Defendant.

No. 12151.

Supreme Court of New Mexico.

April 16, 1979.

Robinson, Stevens & Wainwright, George F. Stevens, Albuquerque, William J. Lock, Albuquerque, for defendants-appellants.

John J. Duhigg, Albuquerque, for plaintiffs-appellees.

OPINION

FEDERICI, Justice.

Appellees brought this action asking the district court to declare that they were not in default on a real estate contract and to restrain the escrow agent, Albuquerque National Bank, from delivering the documents held in escrow to appellants. Appellants counterclaimed, asking the court to declare the real estate contract to be in default and to grant them possession of the property.

The trial court held that appellees were in default on the real estate contract and ordered the Albuquerque National Bank to release the escrow papers to appellants. However, in its order, the court, under its equity powers, granted appellees an additional fifteen days following entry of its judgment to pay off the entire contract balance plus interest and attorney fees. Appellees tendered the required amount to appellants within the time allowed by the court. This appeal followed.

The following facts in the case are stipulated. In 1966 appellees purchased the property in question under a real estate contract. For several years following appellees' purchase of the property, appellees failed to make some of the monthly payments on time. The original seller did not object to the failure to make payments and appellees were led to believe that prompt payment of twelve monthly installments per year would not be insisted upon. The original seller assigned her interest in the real estate contract to appellants in 1977. Appellees were never put on notice that appellants would insist upon strict performance regarding payment of the future installments under the contract. Soon after appellants purchased the real estate contract from the original seller, however, appellants demanded that appellees bring their payments up to date by tendering $1,675 for twenty-five delinquent installments. Shortly thereafter appellees brought this declaratory action.

Appellants contend that the court erred in giving appellees additional time to pay off the entire contract balance after declaring the contract to be in default. Appellees contend that the court had equity jurisdiction under the facts in this case.

It is well settled in New Mexico that the type of real estate contract involved in this case is enforceable and upon default, the

vendor may terminate the contract, regain possession of the property and retain the payments made. *Eiferle v. Toppino*, 90 N.M. 469, 565 P.2d 340 (1977); *Davies v. Boyd*, 73 N.M. 85, 385 P.2d 950 (1963); *Bishop v. Beecher*, 67 N.M. 339, 355 P.2d 277 (1960). However, it is also recognized in each of these cases that there are exceptions to this rule, and that under certain circumstances, the contract and acts of the parties should be construed if at all possible to avoid a forfeiture. *See Stamm v. Buchanan*, 55 N.M. 127, 227 P.2d 633 (1951).

Under the facts in this case, the trial court properly exercised its equity jurisdiction in granting appellees additional time within which to pay off the entire balance due under the real estate contract along with interest and attorney fees. The result was to place the parties in the positions they would have been in had the contract been fully performed.

The decision of the trial court is affirmed.

IT IS SO ORDERED.

McMANUS, Senior Justice, and EASLEY, J., concur.