661 P.2d 52

Robert N. HUCKINS, Jr. and Sylvie Vreven Huckins, Petitioners-Appellants,

v.

Nancy H. RITTER, individually and as Personal Representative of the Estate of John C. Ritter, Deceased, Respondent-Appellee.

No. 14501.

Supreme Court of New Mexico.

March 24, 1983.

Ronald G. Harris, Ruidoso, for petitioners-appellants.

O'Reilly & Huckstep, Mel B. O'Reilly, Ruidoso, for respondent-appellee.

## OPINION

FEDERICI, Justice.

The facts in this case are not in dispute. Plaintiffs-appellants (plaintiffs) Robert M. Huckins and Sylvie Vreven Huckins brought an action in the District Court of Lincoln County to obtain injunctive relief against the defendant-appellee (defendant) Nancy Ritter, to prohibit the defendant from terminating a real estate contract or, in the alternative, to invoke the equity jurisdiction of the court, seeking a partial rebate of the down payment on the real estate contract. The trial court entered its order on June 29, 1982, in which it concluded that the real estate contract forfeiture provisions should be enforced and that the defendant was entitled to retain the entire-

ty of the down payment as provided in the real estate contract. Plaintiffs appeal. We reverse.

On July 28, 1981, plaintiffs and defendant entered into a real estate contract for the purchase and sale of residential property situated in Ruidoso, New Mexico. The purchase price of the house was $155,000. Plaintiffs agreed to a down payment on the home in the amount of $45,000 and assumed an underlying real estate note in the amount of $40,725.73. The remaining outstanding balance on the house, $69,274.67, was due and payable on October 15, 1981. Plaintiffs were unable to meet the payment due on October 15, 1981. On October 30, 1981, defendant's attorney notified plaintiffs that if the amount due was not paid within fifteen days of the date of the letter, then the defendant intended to exercise her right to retain all sums paid under the real estate contract. On November 30, 1981, plaintiffs filed an action to enjoin defendant from terminating the real estate contract or alternatively providing for return of a portion of the down payment. The trial court granted temporary injunctive relief restraining defendant from terminating the real estate contract. At a subsequent hearing on December 2, 1981, the parties, by stipulation, agreed to an extension of time until January 10, 1982 to correct the default and to make the payment. Plaintiffs were not able to arrange payment by that due date and attempted to arrange a partial payment by that date, to no avail. On February 25, 1982, defendant terminated the real estate contract and proceeded to obtain the closing documents from the escrow agent. On June 29, 1982, the trial court entered its order in favor of defendant.

■ Initially, defendant maintains that this Court should refuse to consider the argument of the plaintiffs because of their failure to specifically challenge certain findings of fact. N.M.R.Civ.App. 9(m), N.M.S.A.1978. This appellate rule calls for a brief summary of pleadings and rulings and a concise chronological summary of challenged findings of fact, along with appropriate transcript references. *See Wirth v. Commercial Resources, Inc.,* 96 N.M. 340, 630 P.2d 292 (Ct.App.), *cert. denied,* 96 N.M. 543, 632 P.2d 1181 (1981). Here, the specifically unchallenged findings of fact are, Findings Nos. 6, 10 and 13. Accordingly, defendant maintains those findings not specifically objected to are the facts upon which the case must rest, *Springer Corporation v. American Leasing Company,* 80 N.M. 609, 459 P.2d 135 (1969), and thus the plaintiffs are bound by the findings because they never properly attacked them on appeal. *State ex rel. Thornton v. Hesselden Const. Co.,* 80 N.M. 121, 452 P.2d 190 (1969). Findings Nos. 6, 10 and 13 respectively address (1) the sum of $69,274.67 that plaintiffs owed defendant, which amount plaintiffs were unable to pay by the October 15, 1981 deadline; (2) that time was of the essence of the real estate contract; (3) that fifteen days after written demand for payment had been made and the payment had not been satisfied, the seller was entitled to her election of available remedies, including acceleration of the whole amount remaining unpaid; and (4) that plaintiffs had not offered any evidence that the real estate contract did not properly reflect the parties' intention and agreement. The transcripts and briefs in this case are sufficient to present the essential question for review on the merits, notwithstanding a technical violation of our rules. *Petty v. Williams,* 71 N.M. 338, 378 P.2d 376 (1963); *Trujillo v. Tanuz,* 85 N.M. 35, 508 P.2d 1332 (Ct.App. 1973); *Ortiz v. Ortiz & Torres Dri-Wall Company,* 83 N.M. 452, 493 P.2d 418 (Ct. App.1972).

■ The rule is well settled in New Mexico that in general, the type of real estate contract involved is enforceable. *Hale v. Whitlock,* 92 N.M. 657, 593 P.2d 754 (1979); *Davies v. Boyd,* 73 N.M. 85, 385 P.2d 950 (1963); *Bishop v. Beecher,* 67 N.M. 339, 355 P.2d 277 (1960). Thus, upon default by the purchaser, the vendor is entitled to terminate the real estate contract, regain possession of the property and retain the payments made as rental. *Hale, supra.* But this Court has also recognized that there

are exceptions to the rule under appropriate circumstances. *Eiferle v. Toppino,* 90 N.M. 469, 565 P.2d 340 (1977); *Hale, supra.*

■ An exception is recognized when the enforcement of the literal terms of the contract would result in a forfeiture or in unfairness which shocks the conscience of the court. *Eiferle v. Toppino, supra; Bishop v. Beecher, supra.* This exception should be applied in this case. The record shows that on July 28, 1981, plaintiffs made a down payment in the amount of $45,000. This is almost one-third of the purchase price of the house. Plaintiffs were in possession of the property only from July 28, 1981 until February 25, 1982. The property still has a market value equal to the original sale price. The house can be rented for a figure between $600 and $1,500 per month.

To permit defendants to retain the $45,-000 down payment and in addition to regain possession of the house would, in our opinion, constitute an unwarranted forfeiture. *Hale v. Whitlock, supra.*

Plaintiffs are entitled to a return of the $45,000 down payment, less reasonable rental to be assessed during plaintiffs' occupancy of the house, and the diminution, if any, to the property during plaintiffs' occupancy, together with reasonable attorney fees for services of defendant's attorneys in the trial court. The cause is remanded to the trial court for further proceedings consistent with this opinion.

Each of the parties shall bear their own costs and attorney fees in this appeal.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, J., concur.