697 P.2d 132

Edward F. JACOBS, et ux.,
Plaintiffs-Appellants,

v.

Charles W. PHILLIPPI, et al.,
Defendants-Appellees.

No. 15261.

Supreme Court of New Mexico.

March 27, 1985.

Threet & King, Martin E. Threet, Albuquerque, for plaintiffs-appellants.

Sullivan, Villella, Skarsgard & Noya, Charles Noya, Patrick S. Villella, Elvin Kanter, Albuquerque, for defendants-appellees.

## OPINION

STOWERS, Justice.

Edward F. and Charlotte A. Jacobs (Jacobses) filed a complaint which sought recission of a real estate contract and return of their down payment from Charles W. and Elizabeth B. Phillippi (Phillippis), and damages for misrepresentation from Howard Wolfley (Wolfley) and Gallery of Homes. After a hearing on the merits, the trial court dismissed the complaint with prejudice. The Jacobses appeal. We affirm.

The Jacobses present the following issues: (1) whether the trial court erred in concluding that the Jacobses suffered no damage as a result of a breach of fiduciary duty by Wolfley; (2) whether the trial court erred in concluding that the retention of down payment by the Phillippis upon default by the Jacobses was not an unwarranted forfeiture; and (3) whether the trial court erred in concluding that the real estate contract was not void for lack of mutual assent.

The following facts are pertinent to this appeal. After their divorce, the Phillippis listed their house (the house) for sale with Gallery of Homes at a price of $184,000. The Jacobses made an offer through Wolfley of Gallery of Homes to purchase the Phillippis' house. The offer included a $35,000 down payment, an assumption of a pre-existing mortgage in the amount of $59,183, and a real estate contract on the balance of $89,817, at an interest rate of ten percent, with a balloon payment due and payable within one year. The Phillippis made a counter-offer, through Wolfley, raising the interest on the real estate contract to twelve percent. The Jacobses instructed Wolfley to make a further counter-offer of ten percent for the first six months and twelve percent for the second six months. Wolfley did not inform the Phillippis of the further counter-offer by the Jacobses and the Phillippis believed that their offer of twelve percent interest had been accepted.

The parties signed a real estate contract which provided for an interest rate of twelve percent and for a balloon payment of the balance plus interest within twelve months. Except for information relating to the first mortgage, the terms of the real estate contract were complete and visible for review by the Jacobses. The Phillippis each borrowed money to construct separate new homes in reliance on receipt of the balloon payment. The Jacobses were unable to pay the balloon payment. The Phillippis declared the Jacobses in default under the real estate contract, and withdrew the special warranty deed from escrow and filed it. As a consequence of the default,

for a period of ten months the Phillippis had to pay a total of $7,461 on the mortgage, $511 for the utility payments, and $576 for house repairs. The Phillippis also had to pay additional interest of $15,604 on their new home construction loans. Also, after default, the Jacobses failed to pay three months of a $1,200 per month agreed rental. The house was subsequently sold for $180,000, which was $4,000 less than the original sale price.

The Jacobses contend that the trial court erred in concluding no damage was caused by Wolfley's breach of fiduciary duty. We disagree. The standard for review on appeal is whether substantial evidence supports the findings of the trial court. *Toltec International, Inc. v. Village of Ruidoso*, 95 N.M. 82, 619 P.2d 186 (1980). Although the trial court determined that Wolfley had breached his duty, substantial evidence exists to support the trial court's findings that the difference in interest rates was not a material factor in the negotiations between the parties and in the execution of the real estate contract. In his testimony, Mr. Jacobs testified that the difference in the interest rates was immaterial to the negotiations. The Jacobses did not pay the balloon payment, and thus suffered no damage as a consequence of the contract's higher interest rate. The Jacobses cannot recover damages for the higher interest rate absent proof that damage occurred. *See Bank of New Mexico v. Rice*, 78 N.M. 170, 429 P.2d 368 (1967).

The Jacobses are not correct in their assertion that there was an unwarranted forfeiture. In New Mexico, the rule is well settled that real estate contracts are enforceable, unless enforcement of the literal terms would result in an unwarranted forfeiture or in unfairness which shocks the conscience of the court. *Huckins v. Ritter*, 99 N.M. 560, 661 P.2d 52 (1983). However, the Jacobses misplace their reliance on the exceptions to enforcement of default provisions in real estate contracts announced in *Huckins*, and the cases cited therein. *See, e.g., Hale v. Whitlock*, 92 N.M. 657, 593 P.2d 754 (1979); *Eiferle v. Toppino*, 90 N.M. 469, 565 P.2d 340 (1977). In *Huckins* this Court determined that the seller's retention of the down payment, in addition to regaining the house after the buyer's default, was an unwarranted forfeiture in light of the equitable considerations involved in that case. The following equitable considerations were pertinent to the *Huckins* Court: the down payment was almost one-third of the purchase price, the buyers were in possession of the house for three months at the time of default and for only seven months at termination of the contract, the market value was still equal to the sale price, and the sellers could rent the house. Here, as a consequence of the Jacobses' default in this case, the Phillippis had to pay approximately $24,000 in post-default mortgage, utility, interest and repair payments, they lost $4,000 on the resale of the house, and they lost $3,600 in rent agreed to but not paid by the Jacobses. Equitable considerations do not exist in this case which would require application of an exception to enforcement of the real estate contract. The conclusion of the trial court will not be disturbed.

Finally, the Jacobses assert that the real estate contract was void due to a mutual mistake because there was no meeting of the minds between the parties. We disagree. A contract is void because of a mutual mistake where the minds of the parties have not met on any part of a proposed contract. *Lamonica v. Bosenberg*, 73 N.M. 452, 389 P.2d 216 (1964). However, in this case, substantial evidence exists to support the trial court's conclusions that the Jacobses' belief that the interest rate was ten percent for the first six months was a unilateral mistake. The contract stated and the Phillippis believed that the interest rate of twelve percent was the rate agreed to by the parties. Only the Jacobses believed that the interest rate should have been ten percent for the first six months. This Court will not void a contract for a unilateral mistake except where the mistake is basic and material to the agreement, and the other party knew

or reasonably should have known of the mistake. *Gardner v. Meiling,* 280 Or. 665, 572 P.2d 1012 (1977). *See generally* 17 Am.Jur.2d *Contracts* § 146 (1964) (unilateral mistake will not void a contract). Moreover, the record does not show that the contract was different from what each party intended, which is necessary for a mistake to be mutual and common to both parties. *See Cargill v. Sherrod,* 96 N.M. 431, 631 P.2d 726 (1981).

The trial court properly dismissed the Jacobses' complaint.

Judgment of the trial court is affirmed.

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA, Senior Justice, concur.