1998-NMCA-097

963 P.2d 533

**Robert JOHNSEN, Plaintiff–Appellant,**

v.

**ALLSUP'S CONVENIENCE STORES, INC., Defendant–Appellee.**

**No. 18206.**

Court of Appeals of New Mexico.

April 21, 1998.

Certiorari Denied July 1, 1998.

**458**

Michael Calvin Jordan, LeeAnn Ortiz, Albuquerque, for Plaintiff–Appellant.

Carman Lavender, William A. L'Esperance, Albuquerque, for Defendant–Appellee.

## OPINION

APODACA, Judge.

{1} Plaintiff Robert Johnsen (Employee) appeals the trial court's judgment entered against him after a bench trial. Employee sued for unpaid overtime wages against Defendant Allsup's Convenience Stores (Employer) pursuant to the Fair Labor Standards Act of 1938 (the Act), 29 U.S.C. Sections 201 to 219 (1997). Employee raises six issues on appeal: (1) the law of the case doctrine does not apply and the special order items were not transported in interstate commerce, (2) the trial court's findings were inconsistent with the judgment, (3) transportation of the compressor cores to the distributors was not an interstate shipment, (4) Employee did not perform duties affecting the safety of motor vehicle operations, (5) Employee's alleged interstate activities were *de minimis*, and (6) Employer acted in bad faith and against public policy. We hold that Employee's interstate activities were *de minimis* and therefore reverse the trial court's judgment. Because of our disposition, we need not address issues (1), (2), and (4).

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2} Employee worked for Employer as a maintenance man. Employer did not compensate Employee at one and one-half times his hourly rate for hours worked in excess of a forty-hour work week. As a result, Employee sued Employer to recover overtime wages under the Act. Section 213(b)(1) of the Act exempts from the overtime requirement employees whose hours are subject to regulation by the Secretary of the Department of Transportation under the Motor Carrier Act, 49 U.S.C.A. § 3102 (West 1994) (current version at 49 U.S.C.A. § 31502 (West 1995)). The exemption includes motor carriers who transport between a place in a state and a place in another state. *See* 49 U.S.C.A. § 10521(a)(1)(A) (West 1995)(current version at 49 U.S.C.A. § 13501(1)(A) (West 1997)).

{3} Prior to the bench trial, the trial court had granted summary judgment to Employer, holding that Employee was not entitled to receive overtime compensation because he transported goods in interstate commerce. Employee appealed that ruling, and this Court reversed and remanded the case for a determination of the extent of Employee's job in transporting certain equipment repair parts in interstate commerce. *Johnsen v. Allsup's Convenience Stores*, 119 N.M. 245, 251–52, 889 P.2d 853, 859–60 (Ct. App.1994). This determination was necessary because, if Employee's duties relating to transportation in interstate commerce were *de minimis*, the exemption to the Act would not be applicable. As a result, Employer would be required to pay overtime wages because Employer would not be exempt from such requirement. On remand, the trial court determined that Employee was not entitled to overtime wages on the basis that Employee's transportation of interstate goods was not an incidental part of his employment. This appeal followed.

## II. DISCUSSION

### A. Contested Findings

{4} Before discussing the merits of Employee's appeal, we address Employer's preliminary argument to uphold certain findings because of Employee's failure to attack them. Employer asserts that Employee did not contest Findings 13, 17, 19, 20, 26, 31, 37–39, 41, 43, 46, 47, and 51–54 made by the trial court. These findings included:

17. Johnsen's position is exempt from the overtime provisions of the Act because he transported goods in interstate commerce during the course of his employment, and as more than an incidental part of his employment.

. . . .

20. Plaintiff, as more than an incidental part of his employment, transported goods

in interstate commerce, or in continuation of interstate commerce.

. . . .

43. The parts, equipment and fixtures which Plaintiff ordered from local wholesalers, which the wholesalers did not have in stock and had to be specifically ordered from out-of-state suppliers clearly remained in interstate commerce until Plaintiff's transportation of said items was completed.

. . . .

51. The part of the Plaintiff's job that had to do with the transportation of goods in interstate commerce was a significant part of his duties because of its impact on refrigeration and cooling systems in the stores.

Employee did not expressly challenge these findings in his brief in chief. In his reply brief, however, Employee specifically contested Findings 17, 20, 31, 37, 39, 43, 46, 47, and 51–54.

{5} Rule 12–213(A)(3) NMRA 1998 requires that an appellant's brief in chief contain a summary of proceedings. "A contention that a . . . finding of fact is not supported by substantial evidence shall be deemed waived unless the summary of proceedings includes the substance of the evidence bearing upon the proposition[.]" *Id.* Although Employee technically violated this rule, we hold that Employee's briefs sufficiently argue against the trial court's findings and present the issues to allow a proper review on the merits. *See Huckins v. Ritter,* 99 N.M. 560, 561, 661 P.2d 52, 53 (1983) (holding that transcripts and briefs sufficiently presented the essential question for review where plaintiff failed to specifically challenge certain findings of fact). We address the pertinent findings generally in our discussion of the specific issues.

**B. The Compressor Cores**

■ {6} Employee argues that his retrieval of compressors stocked in an in-state warehouse was an act of intrastate commerce. He contends also that his return of salvageable compressor cores to the warehouse was not an interstate shipment. The trial court, however, concluded that "Plaintiff, as a regular part of his duties, was expected to and did transport goods in interstate commerce by motor vehicle on public highways; said goods were transported by Plaintiff prior to the end of the interstate nature of their transportation." We review this conclusion of law de novo. *See Johnsen,* 119 N.M. at 251, 889 P.2d at 859 (stating that trial court's conclusion that Employee engaged in interstate commerce when delivering certain parts was a matter of law); *Levenson v. Haynes,* 1997–NMCA–020, ¶ 13, 123 N.M. 106, 934 P.2d 300 (applying de novo review to conclusions of law).

■ {7} We hold that the trial court erred in concluding that Employee's transportation of the compressor cores was in interstate commerce. "[P]urely intrastate segments of transportation are not part of interstate commerce if the product comes to rest within the state." *Johnsen,* 119 N.M. at 249–50, 889 P.2d at 857–58. Most of the cores, before being picked up by Employee and after their return by Employee to the wholesaler, came to rest in the wholesaler's warehouse, which was located in New Mexico.

{8} The cores were parts of compressors that could be re-used or re-manufactured. Employee returned the cores to the wholesaler, and the wholesaler purchased them by crediting Employer's account. After the purchase, the cores belonged to the wholesaler. The wholesaler shipped the cores to the manufacturer for credit. Employee testified that he did not know to whom the cores would later be shipped. These facts lead to the conclusion that Employee was engaged in intrastate transportation in delivering the cores. As a result, the cores should not have been considered by the trial court in determining the extent of Employee's involvement in interstate commerce.

**C. The Extent Of Employee's Activities In Interstate Commerce**

■ {9} Employee argues that his activities in interstate commerce were *de minimis.* As we noted previously, "[i]f the duties Employee performed relating to safety or interstate commerce were *de minimis* in relation

to his other duties, then the . . . 'motor carrier exemption' to the [Fair Labor Standards] Act is not applicable." *Johnsen*, 119 N.M. at 251, 889 P.2d at 859. Employee contends that the trial court erred in finding that he spent at least 3–4 percent and up to 10 percent of his time in the transportation of interstate goods.

{10} Unless the trial court's findings or conclusions are clearly erroneous or deficient, we view the facts underlying the trial court's decision in the light most favorable to the prevailing party and disregard all evidence and inferences to the contrary. *See Levenson*, 1997–NMCA–020, ¶ 13, 123 N.M. 106, 934 P.2d 300.

{11} We hold that the trial court improperly calculated Employee's involvement in interstate transportation. The percentage of time Employee spent in interstate activity determines the extent of this involvement. *See Johnsen*, 119 N.M. at 251, 889 P.2d at 859. The trial court found that:

48. Plaintiff transported goods in interstate commerce on the public highways of New Mexico at least three to four percent (3 to 4%) and up to ten percent (10%) of the days he worked for Defendant.

49. Plaintiff was a driver for purposes of 29 C.F.R. Sec. 782.2, because he actually engaged in the transportation of goods in interstate commerce for Allsup's at least once in each four (4) months period during the course of his employment.

50. During the time periods in which Plaintiff worked for Allsup's, the wholesalers with which Plaintiff did business for Allsup's stocked at least a dozen (12) compressors valued on the average of over $900.00 each, for the direct benefit of Allsup's in anticipation of Defendant's on-going needs. The total value of these parts transported by Plaintiff in interstate commerce exceeded three to four percent (3 to 4%) and was at least ten percent (10%) of the value of the goods Plaintiff transported.

As we have already noted, the trial court incorrectly characterized compressors stocked by the wholesaler as interstate goods. In the first appeal of this case, this Court concluded "that the trial court erred, as a matter of law, in holding that Employee engaged in interstate commerce when delivering parts obtained from local wholesalers, when the wholesaler already had the parts in stock." *Johnsen*, 119 N.M. at 251, 889 P.2d at 859. Consequently, we must discount the transportation of the compressors already stocked by the wholesaler from Employee's activity in interstate commerce. Additionally, finding number 50 indicates that the trial court considered the *value* of parts in determining Employee's involvement in interstate transportation. In contrast, we instructed the trial court in the first appeal of this case to calculate the amount of *time* Employee spent in interstate commerce. *See id.*, at 251–52, 889 P.2d at 859–60.

{12} We determine the trial court's finding that Employee "spent at least 3–4% and up to 10% of his time in the transportation of interstate goods" to be unsupported by substantial evidence. The only evidence introduced at trial regarding Employee's transportation of interstate goods was in relation to his transportation of the compressor units and the compressor cores. As we have already noted, those items were not transported in interstate commerce. Consequently, the trial court's ruling cannot stand.

### D. Employer's Conduct

{13} Our determination that the trial court erred in calculating Employee's involvement in interstate commerce entitles Employee to an award of damages for overtime. We therefore remand to the trial court for a calculation of damages and address this issue for the trial court's guidance on remand.

{14} Section 207(a)(1) of the Fair Labor Standards Act of 1938 applies to employees engaged in interstate commerce. It states that:

no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

*Id.* An employer violating this section is liable to the employee for unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorney fees, and costs of the action. 29 U.S.C.A. § 216(b). Employer's violation in the present case obligates it to pay unpaid overtime compensation, reasonable attorney fees, and costs to Employee. *See Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n. 18 (5th Cir.1979) (holding that violation of Act entitled employee to back pay and attorney fees, but remanding for determination of liquidated damages). On remand, the trial court should determine these amounts and incorporate them in its judgment against Employer.

{15} Employee argues that Employer knew Employee was not engaged in interstate commerce. Employee asserts that Employer's denial of overtime pay was unreasonable, in bad faith, and against public policy. A willful violation of the Fair Labor Standards Act of 1938 extends the statute of limitations for a claim from two years to three years. 29 U.S.C.A. § 255(a) (1985 & Supp.1995).

{16} Employees may recover three years of back pay rather than the usual two years if they show that the employer's violation was willful. *See Mills v. State*, 853 F.Supp. 551, 555 (D.Me.1994)

{17} A willful violation occurs when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). Here, the trial court found that Employer regularly met with wage and hour experts in determining which employees were entitled to overtime. Employer consulted with the Compliance Office of the United States Department of Labor concerning exemption of maintenance men under the Fair Labor Standards Act of 1938. The United States Department of Labor wrote a letter notifying Employee that he was exempt under the Act. The trial court found that Employer relied on this advice. On remand, the trial court should consider these factors in determining whether Employer's

violation was willful. *See Arias v. United States Serv. Indus.*, 80 F.3d 509, 512 (D.C.Cir.1996) (instructing district court to determine whether violations were willful); *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir.1990) (holding that trial court did not err in finding no willful violation where Employer discussed law with state officials and reviewed brochures and pamphlets on it); *Brock v. Claridge Hotel & Casino*, 846 F.2d 180, 188 (3rd Cir.1988) (whether defendant's actions, as found by the trial court, show a reckless disregard of the law is a legal question).

{18} Employer argues that it made good faith efforts to comply with the Fair Labor Standards Act of 1938. Under 29 U.S.C.A. § 260 (West 1985 & Supp.1995) (citations omitted):

> In any action commenced ... to recover ... unpaid overtime compensation ... under the Fair Labor Standards Act of 1938 ... if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938 ... the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

Employer has the substantial burden of proof in this defense to persuade the court that it would be unfair to impose liquidated damages. *See Smith v. Batchelor*, 879 P.2d 1364, 1370 (Utah 1994). The trial court should determine whether Employer acted in good faith and reasonably in not paying Employee overtime. If not, then the trial court should ascertain liquidated damages. *See Sturdivant v. Salt River Valley Water Users' Ass'n*, 249 F.2d 944, 950 (9th Cir.1957) (instructing the trial court to decide issues of good faith and liquidated damages).

## III. CONCLUSION

{19} We reverse the trial court's judgment denying Employee damages for overtime work performed by him. We remand to

the trial court to enter judgment in favor of Employee and for a determination of damages, attorney fees (for both trial and on appeal), and costs under 29 U.S.C.A. § 216(b).

{20}  **IT IS SO ORDERED.**

DONNELLY, J., concurs.

BUSTAMANTE, J., concurs in part and dissents in part.

BUSTAMANTE, Judge, concurring in part, dissenting in part.

{21}  Respectfully, I concur in part and dissent in part. I agree with the majority's analysis of the substantive issues; in particular that the monetary value of the parts should not play a role in the *de minimis* analysis, and that the time spent returning spent cores is not in interstate commerce. Additionally, the majority holds that the trial court erred in characterizing compressors stocked by the wholesaler as interstate goods. These rulings, in combination with our prior opinion in this matter, leave only a narrow category of activity which can be treated as being in interstate commerce. That narrow category is the time Employee spent picking up and transporting specially ordered parts from wholesalers. The issue now is whether this category of activity meets or exceeds the *de minimis* standard set in *Morris v. McComb,* 332 U.S. 422, 68 S.Ct. 131, 92 L.Ed. 44 (1947).

{22}  This is where I part company with the majority. The majority believes that once the trial court's *Findings of Fact* are stripped of the activities listed above they can only support a conclusion that Employee's interstate activities were *de minimis.* I do not believe we can decide the case as a matter of law at this point, and I therefore dissent from that portion of the opinion. I believe the better course of action is to remand and allow the trial court to recalculate the *Morris* percentage under the guidance of this opinion. I would request the trial court to make specific findings concerning the number of times Employee picked up specially ordered parts, the amount of time he spent transporting these parts, and then provide an explicit explanation of the method used to calculate the final percentage.