This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANTONIA VALLES, JESUS VALLES, JULIAN VALLES, ISABEL V. THOMPSON, CLAUDIA V. DELGADO, FRANCISCO VALLES, SONIA VALLES, ILDEFONSO VALLES, and LOURDES VALLES,**

Plaintiffs-Appellees,

v.                                                      NO. 34,868

**CARLOS ORTIZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Manuel I. Arrieta, District Judge**

Guevara, Rebe, Baumann, Coldwell
Colbert N. Coldwell
El Paso, TX

for Appellees

Charles E. Hawthorne
Ruidoso, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}    Defendant appeals a judgment entered following a bench trial in which the district court judgment rescinded a contract for the sale of real estate, quieting title in favor of Plaintiffs, who were the sellers, and awarding liquidated damages calculated from amounts that were past-due pursuant to the contract. [RP 293-95] Defendant's docketing statement challenged the district court's award of damages, rescission, and attorney fees. [DS 7, 9, 12, 14, 15] This Court proposed to affirm the district court's judgment [CN 3, 5, 7, 8], and Defendant has filed a memorandum in opposition to that proposed disposition, asserting the same arguments raised in his docketing statement. Unpersuaded, we now affirm.

{2}    As his first argument, Defendant continues to assert that, pursuant to *Buckingham v. Ryan*, 1998-NMCA-012, 124 N.M. 498, 953 P.2d 33, any award of both damages and rescission constitutes an impermissible double recovery. [MIO 1-2] Our notice of proposed summary disposition noted that the damages awarded in this case did not involve any acceleration of payments under the relevant contract and, instead, consisted solely of an award of money due prior to the rescission of that

contract. [CN 2] We, therefore, proposed to hold that no expectancy damages, which *Buckingham* would prohibit, were awarded in this case and, instead, only liquidated damages, which were explicitly affirmed in *Buckingham*, were awarded. [CN 2-3] *See Buckingham*, 1998-NMCA-012, ¶ 27 (reversing the district court's award of "contract damages," but not liquidated damages). Defendant's memorandum in opposition does not address the distinction between payments due prior to rescission and payments that would have become due had there been no rescission. [MIO 1-2] Instead, Defendant simply asserts—without citation to any authority—that his own refusal to make payments as they became due transformed those payments into expectancy damages rather than merely being past-due liquidated damages. [MIO 2] We are not persuaded. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (declining review of issues that are unsupported by authority).

{3} As his second issue, Defendant continues to assert that the district court erred by not crediting his unrebutted testimony regarding misrepresentations about the quantity of land at issue in this case. [MIO 2-3] As more fully explained in our notice of proposed summary disposition, Defendant is mistaken with regard to the substantive law on this point. [CN 3-4] *See Strickland v. Roosevelt Cty. Rural Elec. Coop.*, 1980-NMCA-012, ¶ 24, 94 N.M. 459, 612 P.2d 689 (acknowledging that the

credibility of an interested witness is always to be assessed by the trier of fact). And, more importantly, we proposed to hold that any question regarding the amount of land at issue in this case was mooted by the rescission of the contract. [CN 4-5] As Defendant's memorandum in opposition does not assert any error in that proposed conclusion, we now so hold. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (treating as abandoned issues not raised in a memorandum in opposition to summary disposition).

{4}     Defendant also continues to argue that the forfeiture at issue in this case should shock this Court's conscience. [MIO 3-4] In his docketing statement, Defendant suggested that our resolution of that issue should turn upon factors described in *Buckingham*, 1998-NMCA-012, ¶ 12. [CN 6] Our proposed disposition noted that some of the facts necessary to address those factors may not have been before the district court. [CN 6 n.1 (instructing Defendant to inform this Court what facts and evidence relevant to this issue were actually before the district court)]

{5}     In his memorandum in opposition, Defendant now cites to *Huckins v. Ritter*, 1983-NMSC-033, 99 N.M. 560, 661 P.2d 52, for the assertion that the "qualifying factor" to be considered is the percentage of the purchase price paid. [MIO 3-4] It is true that the *Huckins* opinion notes that the buyer had paid nearly one-third of the purchase price at the time of rescission. *Id.* ¶ 5. But that opinion also relies upon the

4

facts that: "[the buyers] were in possession of the property only [for seven months; t]he property still has a market value equal to the original sale price[; and t]he house can be rented for a figure between $600 and $1,500 per month." *Id*. Each of these facts is directly relevant to the factors discussed in *Buckingham*, and all are relevant to the question currently before this Court. *Compare id.*, with *Buckingham*, 1998-NMCA-012, ¶ 7. Then, having argued that the percentage of the purchase price paid by a buyer is the primary consideration, Defendant never addresses what that percentage was in this case; instead he asserts that he "paid 4/5ths of the down payment and testified that he would have paid the balance of the down payment[.]" [MIO 4]

{6} Ultimately, we are unpersuaded that the forfeiture in this case was so unwarranted as to shock the conscience. As pointed out in our notice of proposed summary disposition, Defendant was in possession of the property for five years. [CN 6] Defendant's memorandum in opposition makes no attempt to show that the amounts he ultimately paid pursuant to the contract exceeded the value of that five-year term of possession, much less that the amounts paid were so excessive as to shock the conscience of this Court.

{7} Finally, Defendant continues to assert that the district court erred in awarding attorney fees pursuant to the contract. [MIO 4-5] In his docketing statement,

Defendant relied upon *Buckingham* to argue that attorney fees may be awarded only where a seller responds to a buyer's breach by accelerating payments and enforcing the contract. [DS 16] As pointed out in our proposed disposition, *Buckingham* merely enforced the attorney fee provision contained in the contract at issue in that case. [CN 7] *See Buckingham*, 1998-NMCA-012, ¶ 26 (noting that "[s]ince there is no statute permitting the award of attorney fees applicable to this appeal, we look to the parties' contract to determine whether [the s]eller is entitled to his fees"). As also pointed out in our proposed disposition that the contract at issue in this case:

> contains a general attorney fees provision that recites: "If either party uses the services of any attorney to enforce that party's rights or the other party's obligations under this Contract, the prevailing party will recover reasonable attorneys fees and costs from the non-prevailing party."

[CN 7 (quoting RP 13)]

{8}     Defendant's memorandum neither addresses nor acknowledges the existence of that fee provision in the contract. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (explaining that "the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law"). Finding no error in the district court's interpretation of the attorney fee provision agreed to by the parties, we affirm the district court's award of attorney fees.

{9} For the foregoing reasons, the judgment entered by the district court is affirmed in its entirety.

{10} **IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**J. MILES HANISEE, Judge**